UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAMOLI KAPOOR,<br><br>  Plaintiff,<br><br>  v.<br><br>MICHAEL MATTHEWS JEWELERS OF KINGS PLAZA, LLC, OMAR JEWELERS INC., MOHAMMAD BUTT, NAILA BUTT, LARAIB BUTT, ZUHA BUTT, SOLOMON MATTATOV, ARIF MAHMOD, ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities), and JOHN DOES 1-5 (fictitious names describing presently unidentified individuals), Jointly and Severally,<br><br>  Defendants. | ECF CASE<br><br>No.:_____<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

1. Plaintiff Shamoli Kapoor ("Plaintiff" or "Kapoor") worked as a general employee and as a domestic worker for Defendants Michael Matthews Jewelers of Kings Plaza, LLC ("Michael Matthews Jewelers"), Omar Jewelers Inc. ("Omar Jewelers"), ABC Corporations 1-5 (fictitious names describing presently unidentified business entities), Mohammad Butt, Naila Butt, Laraib Butt, Zuha Butt, Solomon Mattatov, Arif Mahmod, and John Does 1-5 (fictitious names describing presently unidentified individuals) ("Individual Defendants," collectively "Defendants") from in or about 2009[1] to in or about June 2020.

2. Plaintiff Kapoor alleges Defendants willfully violated the New York Labor Law by

---

[1] All date ranges and times in the Complaint are based on Plaintiff's memory and good faith, best estimates.

(i) failing to pay the minimum wage, (ii) failing to pay overtime, (iii) failing to provide spread-of-hours compensation, (iv) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1 and (v) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3.

3. Plaintiff Kapoor alleges Defendants willfully violated the Fair Labor Standards Act by (i) failing to pay the minimum wage and (ii) failing to pay overtime.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331, and 1337, supplemental jurisdiction over the Labor Law claims under 28 U.S.C. § 1367, and jurisdiction over the FLSA claims under 29 U.S.C. § 216(b).

5. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because all of the Corporate Defendants reside in this District and the events giving rise to the claims took place in this District.

6. This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

7. Plaintiff Kapoor was, at all relevant times, a resident of Brooklyn, New York and Bronx, New York.

8. Defendant Michael Matthews Jewelers is, upon information and belief, a foreign limited liability company, organized and existing under the laws of the state of Delaware, licensed to do business in the State of New York, with its principal place of business at 5391 Kings Plaza, Brooklyn, New York 11234.

9. Defendant Michael Matthews Jewelers is, upon information and belief, an

enterprise engaged in commerce or in the production of goods for commerce. Defendant Michael Matthew Jewelers is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and services include rings, necklaces, earrings, bracelets and watches.

10. Defendant Mohammad Butt is an individual who resides in New York County, New York, and upon information and belief, owns, operates and controls Michael Matthews Jewelers' day-to-day operations and management and jointly employed Plaintiff Kapoor at all relevant times.

11. Defendant Naila Butt is an individual who resides in New York County, New York, and upon information and belief, owns, operates and controls Michael Matthews Jewelers' day-to-day operations and management and jointly employed Plaintiff Kapoor at all relevant times.

12. Defendant Laraib Butt is an individual who resides in New York County, New York, and upon information and belief, owns, operates and controls Michael Matthews Jewelers' day-to-day operations and management and jointly employed Plaintiff Kapoor at all relevant times.

13. Defendant Zuha Butt is an individual who resides in New York County, New York, and upon information and belief, owns, operates and controls Michael Matthews Jewelers' day-to-day operations and management and jointly employed Plaintiff Kapoor at all relevant times.

14. Defendant Solomon Mattatov is an individual who resides in New York County, New York, and upon information and belief, owns, operates and controls Michael Matthews Jewelers' day-to-day operations and management and jointly employed Plaintiff Kapoor at all relevant times.

15. Defendant Omar Jewelers is, upon information and belief, a domestic business corporation, organized and existing under the laws of the state of New York with its principal place

of business at 73-11 37th Road, Jackson Heights, New York 11372.

16. Defendant Omar Jewelers is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant Omar Jewelers is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and services include rings, necklaces, earrings, bracelets and watches.

17. Defendant Arif Mahmod is an individual who resides in Richmond County, New York, and upon information and belief, owns, operates and controls Omar Jewelers Inc.'s day-to-day operations and management and jointly employed Plaintiff Kapoor at all relevant times.

18. Defendants ABC Corporations 1-5 are currently unidentified business entities that have acted in concert with Defendants, and/or currently unidentified business entities responsible for the creation and/or implementation of the unlawful wage practices described herein.

19. Defendants John Does 1-5 are currently unidentified individuals who acted in concert with Defendants and/or currently unidentified individuals responsible for the creation and/or implementation of the unlawful wage practices described herein.

20. Defendants had control over Plaintiff Kapoor's working conditions and over the unlawful policies and practices detailed in this Complaint.

21. Defendants are covered employers within the meaning of the FLSA and the Labor Law and, at all relevant times, employed Plaintiff Kapoor.

22. Each Defendant, either directly or indirectly, has hired and fired Plaintiff Kapoor and controlled her work schedule and employment conditions, determined her payment rate and method, and kept at least some records regarding her employment.

## STATEMENT OF FACTS

23. Defendant Michael Matthews Jewelers is a jewelry store located at 5391 Kings Plaza, Brooklyn, New York 11234.

24. Upon information and belief, Defendant Michael Matthews Jewelers employs 11 or more employees.

25. Defendant Omar Jewelers is a jewelry store located at 73-11 37th Road, Jackson Heights, New York 11372.

26. Upon information and belief, Defendant Omar Jewelers employs 11 or more employees.

### Duties Performed and Hours Worked[2]

27. Defendants employed Plaintiff Kapoor at their jewelry stores and as a domestic worker at their homes from 2009 to June 2020.

28. At the jewelry store, Plaintiff was responsible for cleaning the store, buying and getting supplies as needed, training employees, and other miscellaneous tasks.

29. As a domestic worker at the Individual Defendants' homes, Plaintiff was responsible for cleaning their homes, running general errands, giving the Individual Defendants massages, cooking for parties or gatherings, and other miscellaneous tasks.

30. The Individual Defendants also routinely assigned Plaintiff to work for a myriad of other companies they each owned, ranging from other jewelry companies to construction companies.

31. In this capacity, Plaintiff was required to transport other workers to and from job sites, clean the job sites, get supplies as needed, and other miscellaneous tasks.

---

[2] These subject lines are included only for organizational purposes.

32. During her employment with Defendants, Plaintiff Kapoor's primary duties consisted of routine mental, manual and mechanical work and she was not allowed to and did not exercise any meaningful discretion or independent judgment in performing her duties or on any significant matters. Her primary duties were not directly related to the management or general business operations of Defendants or their customers. Furthermore, she did not have authority to hire, fire or otherwise affect other employees' work conditions in any way.

33. Throughout her employment with Defendants, Plaintiff Kapoor regularly worked in excess of 40 hours per week.

34. From October 2015 to December 2016, Plaintiff Kapoor typically worked 7 days per week and 18 hours per day, totaling 126 hours per week.

35. From January 2017 to December 2018 and from July 2019 to June 2020, Plaintiff Kapoor typically worked 6 days per week and 10 hours per day, totaling 60 hours per week.

36. Plaintiff Kapoor was not required to keep track of her time, nor to her knowledge, did Defendants utilize any time tracking device, such as punch cards.

37. Defendants acted as one integrated, joint employer, employing Plaintiff Kapoor.

38. Individual Defendants, upon information and belief, regularly coordinated amongst themselves at whose business or home Plaintiff Kapoor would work and would then direct Plaintiff Kapoor where to work.

Salary, Overtime, Spread-of-Hours Pay

39. Throughout the entirety of her employment, Defendants did not pay Plaintiff Kapoor any wages.

40. To induce this working arrangement, Defendant Mohammad Butt, Defendant Naila Butt, and Defendant Solomon Mattatov assured Plaintiff Kapoor that they would sponsor her and

6

her family for permanent residency in the United States.

41. Defendants failed to pay Plaintiff Kapoor the federal and state minimum wage because they failed to pay her for any hours that she worked during the entirety of her employment.

42. Defendants failed to pay Plaintiff Kapoor the proper overtime premium rate for every hour she worked over 40 hours per week, calculated as 1.5 times the applicable minimum wage as follows:

| Dates | FLSA Minimum Wage Rate[3] | FLSA Overtime Premium Pay Rate | NYLL Minimum Wage Rate[4] | NYLL Overtime Premium Pay Rate |
|---|---|---|---|---|
| 2016 | $7.25 | $10.88 | $9.00 | $13.50 |
| 2017 | $7.25 | $10.88 | $11.00 | $16.50 |
| 2018 | $7.25 | $10.88 | $13.00 | $19.50 |
| 2019 -2020 | $7.25 | $10.88 | $15.00 | $22.50 |

43. By failing to pay Plaintiff Kapoor *any* compensation for *any* of her hours worked throughout her employment, Defendants owe Plaintiff the applicable minimum wage for each hour worked up to 40 hours per week, and the overtime premium rate, calculated as 1.5 times of the applicable minimum wage, for each hour worked over 40 hours per week, as follows:

---

[3] https://www.dol.gov/agencies/whd/minimum-wage/history (last visited November 10, 2021).
[4] https://dol.ny.gov/minimum-wage-0 (last visited November 10, 2021); https://www.laborlawcenter.com/education-center/new-york-minimum-wage-increase-2015/ (last visited November 10, 2021).

| Relevant Date Ranges | Average Hours Worked Per Week | Straight Time Owed[5] | Overtime Owed[6] | Total Owed |
|---|---|---|---|---|
| August 2016 – December 2016 | 126 hours | $5,760.00 | $20,640.00 | $26,400.00 |
| January 2017 – December 2017 | 60 hours | $22,880.00 | $17,160.00 | $40,040.00 |
| January 2018 – December 2018 | 60 hours | $27,040.00 | $20,280.00 | $47,320.00 |
| July 2019 – June 2020 | 60 hours | $31,200.00 | $23,400.00 | $54,600.00 |

44. For the days she was scheduled to and worked more than 10 hours in a day, Defendants did not pay Plaintiff Kapoor spread-of-hours pay: an extra hour at the statutory minimum wage.

Labor Law Notice Violations

45. Defendants did not provide Plaintiff Kapoor the Notice of Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1 when she was hired or at any point during her employment.

46. Defendants did not provide Plaintiff Kapoor with a wage statement with each payment of wages as required by N.Y. Lab. Law § 195.3.

---

[5] (40 hours x Applicable Minimum Wage) x Number of Weeks Worked.
[6] (Average Hours Worked Per Week – 40 hours)(Applicable Minimum Wage x 1.5) x Number of Weeks Worked.

## FIRST CAUSE OF ACTION
## FAILURE TO PAY THE MINIMUM WAGE UNDER THE FLSA

47. Plaintiff Kapoor realleges every preceding allegation as if set forth fully herein.

48. Defendants employed Plaintiff Kapoor within the meaning of the FLSA.

49. Defendants knowingly failed to pay Plaintiff Kapoor the minimum wages to which she was entitled under the FLSA.

50. Defendants were required to pay Plaintiff Kapoor the full minimum wage rate for all hours worked.

51. Defendants failed to pay Plaintiff Kapoor at the minimum wage because they failed to pay her for any hours worked during the entirety of her employment.

52. Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies under 29 U.S.C. § 255.

53. As a result of Defendants' FLSA violations, Plaintiff Kapoor has suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and is entitled to recover of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CAUSE OF ACTION
## FAILURE TO PAY OVERTIME UNDER THE FLSA

54. Plaintiff Kapoor realleges every preceding allegation as if set forth fully herein.

55. Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce under the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

56. Defendants were required to pay Plaintiff Kapoor no less than 1.5 times the regular rate at which she was employed for all hours worked in excess of 40 hours in a workweek under

the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

57. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff Kapoor the proper overtime compensation for her hours worked in excess of 40 hours per workweek.

58. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

59. Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff Kapoor's compensation.

60. Defendants have failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

THIRD CAUSE OF ACTION
FAILURE TO PAY THE MINIMUM WAGE
UNDER THE NEW YORK LABOR LAW

61. Plaintiff Kapoor realleges every preceding allegation as if set forth fully herein.

62. Defendants are employers under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff Kapoor.

63. The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff Kapoor.

64. Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff Kapoor the statutory minimum wage.

65. Defendants were required to pay Plaintiff at an hourly rate and was not permitted to pay Plaintiff a fixed weekly salary. 12 N.Y.C.R.R. § 146-2.5.

66. Upon information and belief, Defendants failed to post, in a conspicuous place upon their premises a notice issued by the New York State Department of Labor summarizing minimum wage provisions, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. §§ 137-2.3, *et seq*.

67. Defendants paid Plaintiff Kapoor below the statutory minimum wage.

68. Defendants failed to pay Plaintiff Kapoor at the minimum wage because they failed to pay her for any hours worked during the entirety of her employment.

69. Defendants have willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Kapoor the minimum wage.

70. Due to Defendants' Labor Law Violations, Plaintiff Kapoor is entitled to recover from Defendants her unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre and post-judgment interest.

## FOURTH CAUSE OF ACTION
## FAILURE TO PAY OVERTIME UNDER THE NEW YORK LABOR LAW

71. Plaintiff Kapoor realleges every preceding allegation as if set forth fully herein.

72. Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff Kapoor 1.5 times her regular rate of pay for all hours she worked in excess of 40 per workweek.

73. Defendants failed to pay Plaintiff Kapoor the overtime wages to which she was entitled, violating N.Y. Lab Law § 650 and Part 142 § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

74. Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Kapoor overtime.

11

75. Due to Defendants' Labor Law violations, Plaintiff Kapoor is entitled to recover from Defendants her unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION
## FAILURE TO PAY SPREAD-OF-HOURS PAY

76. Plaintiff Kapoor realleges every preceding allegation as if set forth fully herein.

77. Defendants willfully failed to pay Plaintiff Kapoor one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Kapoor's hours worked exceeded ten hours, violating Part 146 § 146-1.6 of Title 12 of the Official Compilation of Codes, Rules and Regulations.

78. Due to Defendants' Labor Law violations, Plaintiff Kapoor is entitled to recover from Defendants her unpaid spread-of-hours pay, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION
## FAILURE TO PROVIDE 195.1 NOTICE UNDER THE NEW YORK LABOR LAW

79. Plaintiff Kapoor realleges every preceding allegation as if set forth fully herein.

80. Defendants willfully failed to supply Plaintiff Kapoor with the required Notice and Acknowledgement of Pay Rate and Payday under § 195.1(a) within 10 business days of their first employment date.

81. Due to Defendants' violations of N.Y. LAB. LAW § 195.1, Plaintiff Kapoor is entitled to recover from Defendants $50.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and

declaratory relief. N.Y. Lab Law § 198(1)-b (2016).

## SEVENTH CAUSE OF ACTION
## FAILURE TO PROVIDE 195.3 WAGE STATEMENT
## UNDER THE NEW YORK LABOR LAW

82. Plaintiff Kapoor realleges every preceding allegation as if set forth fully herein.

83. Defendants willfully failed to supply Plaintiff Kapoor with an accurate wage statement with each payment of wages, violating N.Y. Lab Law § 195.3.

84. Due to Defendants' violations of N.Y. Lab Law § 195.3, Plaintiff Kapoor is entitled to recover from Defendants $250.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief. N.Y. Lab Law § 198(1)-d (2016).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kapoor respectfully requests this Court grant the following relief:

    a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

    b. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

    c. An award for unpaid minimum wages under the Labor Law and the FLSA;

    d. An award for unpaid overtime under the Labor Law and the FLSA;

    e. An award for unpaid spread-of-hours pay under the Labor Law;

    f. An award for failing to provide the N.Y. Lab. Law § 195.1 Notice;

    g. An award for failing to provide the N.Y. Lab. Law § 195.3 Statements;

    h. An award of liquidated damages as a result of Defendants' Labor Law

violations;

      i.      An award of liquidated damages as a result of Defendants' willful FLSA violations;

      j.      An award of pre-judgment and post-judgment interest;

      k.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

      l.      Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Kapoor demands a trial by jury on all questions of fact the Complaint raises.

Dated: New York, New York
       August 24, 2022

                               LIPSKY LOWE LLP

                               s/ Douglas B. Lipsky
                               Douglas B. Lipsky
                               420 Lexington Avenue, Suite 1830
                               New York, New York 10170-1830
                               212.392.4772
                               doug@lipskylowe.com