# Law Office of Bhavleen Sabharwal, P.C.
261 Madison Avenue, Suite 1004
New York, NY 10016
Email: Bsabharwal@bsablaw.com
(917) 597-5984

Hon. Hector Gonzalez
United States District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

December 22, 2022

Re: Shamoli Kapoor v. Michael Matthew's Jewelers LLC, et. al.
1:22-cv-05027

Dear Hon. Gonzalez:

I represent defendants Mohammad Butt ("Defendant Mohammad"), Naila Butt ("Defendant Naila"), Lairab Butt ("Defendant Lairab"), and Zuha Butt ("Defendant Zuha") (collectively "Defendants") in the above-referenced matter. I write in response to the Certificate of Default entered against defendant Michael Matthews Jewelers of Kings Plaza, LLC ("Defendant Michael") on December 19, 2022 [DE 18]. I respectfully request that your Honor approve Defendant Michael's request to vacate the Certificate of Default and allow Defendant Michael the opportunity to immediately answer the complaint.

Plaintiff filed the present action on August 24, 2022, alleging violations of the New York Labor Law and the Fair Labor Standards Act [DE 1]. Your undersigned entered appearance on behalf of Defendants on December 9, 2022 [DE 13]. On December 12, 2022, Defendants filed a request for an extension to respond to the complaint [DE 14]. By Order dated December 12, 2022, Your Honor granted the request for an extension and ordered that Defendants file an answer to the complaint or otherwise respond on or before January 3, 2023.

Fed. R. Civ. P. Rule 55(a) requires that the party moving for default show that the party against whom judgment is sought was properly served and has failed to plead or "otherwise defend'' the action. *See* Local Civil Rule 55.1, Fed. R. Civ. P. 55.

When determining whether there is "good cause" to vacate entry of default under Rule 55(c), a district court must consider three factors: (1) the willfulness of the default; (2) the existence of a meritorious defense to the defaulted claims; and (3) prejudice to the non-defaulting party should relief be granted. *Pecarsky v. Galaxiworld.com, Ltd*., 249 F.3d 167, 171 (2d Cir. 2001). No one factor is dispositive. *See Murray Eng'g, P.C. v. Windermere Props LLC*, No. 12 Civ. 0052, 2013 WL 1809637, at *4 (S.D.N.Y. Apr. 30, 2014). Because an entry of default is generally disfavored

1

and is considered an "extreme sanction" that "must remain a weapon of last, rather than first resort," Meehan, 652 F.2d at 277, any doubt "as to whether a default should be granted or vacated" must be "resolved in favor of the defaulting party," *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

As to the first factor, the willfulness of the default, Defendant Mohammad was unable to locate any proof of ownership interest in Defendant Michael at the time he retained counsel so only an appearance on behalf of Defendant Mohammad was entered. Defendant Mohammad has still not been able to locate any proof of ownership over Defendant Michael but acknowledges that he potentially had an ownership interest in Defendant Michael along with other business partners. Defendant Mohammad has suffered from two strokes and two open heart surgeries over the last several years and due to the decline of his physical and cognitive health has not managed his own business affairs without the assistance of others for several years. Your undersigned counsel was informed of Defendant Mohammad's potential ownership interest in Defendant Michael on the evening of December 21, 2022 and this correspondence was filed within a short time of being provided notice of the potential ownership interest. Defendant also entered appearance on behalf of Defendant Mohammad and the above-referenced Defendants and has engaged in a preliminary discussion with Plaintiff's counsel regarding the claims and defenses in this case. The delay in making this request was caused by Defendant Mohammad's cognitive decline which is far from the type of willful conduct contemplated by courts in this Circuit. *See Int'l Reformed Univ. & Seminary v. Newsnjoy USA*, No. 13-CV-3156, 2014 WL.

With respect to the second factor, a meritorious defense, "To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage. A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. Alliance Ins. Co., Ltd. V. Eagle Ins*. Co., 92 F.3d 57, 61 (2d Cir.1996)(quoting *Anilina Fabrique de Colorants v. Aakash Chems. and Dyestuffs*, *Inc*., 856 F.2d 873, 879 (7th Cir. 1988). In the present matter, Defendant Michael intends to present meritorious defenses if given the opportunity.

Finally, Plaintiff will not be prejudiced if the Court vacates the Certificate of Default. Defendant Michael has requested from this Court the opportunity to file an answer within three days of the Court entering the Certificate of Default. Defendant Mohammad has not otherwise been negligent or caused any undue delays in this matter. Defendant Naila Butt was served with the complaint within two days of the recent Thanksgiving holiday and provided Defendant Mohammad with notice immediately thereafter[1]. Your undersigned was retained shortly after and entered appearance within a short time of retention. *See Int'l Reformed Univ. & Seminary v. Newsnjoy USA* at *5 ("In order to show the requisite level prejudice, the Plaintiff must demonstrate that any prejudice resulting from the defendant's default cannot be rectified in the Court in another manner were the default to be vacated). Thus, this factor weighs in favor of vacating the default as Plaintiff cannot demonstrate prejudice due to the short time that has elapsed since the Certificate of Default was entered.

Accordingly, the undersigned respectfully requests that the entered Certificate of Default be vacated and that Defendant Michael be permitted to file an answer.

---

[1] Defendants and Defendant Michael- with the exception of Defendant Naila Butt- maintain that they were not served with the complaint.

Thank you for your attention to this matter.

                                                  Respectfully submitted,

                                                  By: *Bhavleen Sabharwal*
                                                  Bhavleen Sabharwal, Esq.
                                                  261 Madison Avenue, Suite 1004
                                                  New York, NY 10016
                                                  Tel: (917) 597-5984
                                                  Email: Bsabharwal@Bsablaw.com

Via ECF:

Douglas Brian Lipsky
Attorney for Plaintiff
Lipsky Lowe LLP
420 Lexington Avenue
Suite 1830
New York, NY 10170
212-392-4772
Email: doug@lipskylowe.com

3