# Law Office of Bhavleen Sabharwal, P.C.

261 Madison Avenue, Suite 1004
New York, NY 10016
Email: Bsabharwal@bsablaw.com
(917) 597-5984


Hon. Hector Gonzalez
United States District Judge
225 Cadman Plaza East
Brooklyn, New York 11201

December 31, 2022

Re: Shamoli Kapoor v. Michael Matthew's Jewelers LLC, et. al.
1:22-cv-05027

Dear Hon. Gonzalez:

I represent defendants Mohammad Butt ("Defendant Mohammad"), Naila Butt ("Defendant Naila"), Laraib Butt ("Defendant Laraib"), and Zuha Butt ("Defendant Zuha") (collectively "Defendants")[1] in the above-referenced matter. I write pursuant to your Individual Practices to request a pre-motion conference in contemplation of a motion to dismiss the complaint ("Complaint") against Defendant Naila, Defendant Laraib, and Defendant Zuha Butt pursuant to 12(c) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ Proc."). Defendants time to answer or otherwise move is on or before January 3, 2023; therefore, this request is timely made.

The Complaint consists of allegations pertaining to alleged violations of failure to pay minimum wages and overtime under the Fair Labor Standards Act ("FLSA") (First and Second Causes of Action) and New York State Labor Law ("NYLL") (Third and Fourth Causes of Action), failure to pay spread-of-hours pay (Fifth Cause of Action), failure to provide Notice of Acknowledgement of Payrate and Payday (Sixth Cause of Action), failure to provide a wage statement under NYLL §195.3 (Seventh Cause of Action).

It is axiomatic that in order to state a claim under the NYLL or FLSA, a Plaintiff must demonstrate Defendants actually employed Plaintiff. "The relevant factors as to whether an employment relationship exists under the FLSA include whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. *Apolinar*, 2016 WL 2903278, at *3 (internal quotations omitted). The same factors apply

---

[1] Your undersigned has requested permission to respond to the Complaint on behalf of Defendant Matthew Michael Jeweler's of Kings Plaza, LLC which is presently before the Court.

to claims brought under NYLL. Id. (citing *Xue Lian Lin v. Comprehensive Health Mgmt., Inc*., No. 08 CIV.6519 (PKC), 2009 WL 976835, at *1 (S.D.N.Y. Apr. 9, 2009)).

Aside from the same boilerplate allegations for Defendant Naila, Defendant Laraib, and Defendant Zuha which are that they employed Plaintiff at Defendant Michael Matthew's Jeweler's LLC (Complaint at Par's. 11,12, and 13), the Complaint does not allege with any specificity that these Defendants hired or fired Plaintiff, supervised or controlled her employment, determined her rate/method of payment, or maintained her employment records.

It is alleged that "Defendants employed Plaintiff Kapoor at their jewelry stores and as a domestic worker at their homes from 2009 to June 2020" (Complaint at Par. 27). Defendant Zuha and Defendant Laraib bear no connection to this matter aside from being the daughters of Defendant Mohammad. Both Defendant Zuha and Defendant Laraib who are ages 28 and 32 respectively were either in some form of formal education or out of the country during the timespan Plaintiff was allegedly employed by them. Defendant Zuha attended high school from 2008-2011 and graduated college in 2011 before attending graduate school. Defendant Laraib is an attorney who attended law school from 2014 until 2016 before beginning to practice at a law firm on a full-time basis in 2017. Defendant Laraib also interned for a law firm in Dubai during the winter of her second year in law school in 2015. Thus, the evidence supports that Defendant Zuha and Defendant Laraib could not have possibly employed Plaintiff.

Defendant Naila has no connection to Plaintiff's employment or non-employment and her only connection to this matter is that she is the wife of Defendant Mohammad. Defendant Naila has been a housewife since she emigrated to this country in 1995 and denies employing Plaintiff outside the home at any jewelry stores. Defendant Naila also denies employing Defendant to work in her home as a "domestic servant" as the Complaint alleges.

In Plaintiff's overzealous effort to cast a wide net, the Complaint contains conclusory and boilerplate allegations against three Defendants who should not be named in the instant litigation. Upon information and belief, Plaintiff's naming of family members of Defendant Mohammad who bear no connection to the instant claims was done for the sole purpose of harassing Defendant Mohammad. This is the third case Plaintiff has filed against Defendant Mohammad in the last five years. The other two matters are pending before the Supreme Court County of Queens entitled "Shamoli Kapoor and Refine Gold 24/7 NY LTD v. Naila Butt and Mohammad Imtiaz Butt" bearing an index number 705163/2018 ("First Action") and Shamoli Kapoor and Refine Gold 24/7 NY LTD v. Mohammad Imtiaz Butt, et. al. bearing an index number 705005/2018 ("Second Action"). The complaint in the First Action alleges that Plaintiff had an ownership interest in a bank account belonging to Refine Gold and alleges that Defendant Mohammad transferred monies from Plaintiff's bank account in the amount of $520,000 to Defendant Naila's checking account. The case status on NYSECF is presently marked as "disposed". The Second Action alleges again that Plaintiff is the sole owner of Refine Gold 24/7 NY Ltd. and that Plaintiff is allegedly owed $2.5 million based on an amount allegedly loaned to Defendant Mohammad and various defendants in 2013. The case status on NYSECF is presently marked as "stayed".

Conspicuously absent from this Complaint is any reference to Plaintiff being a business owner as she has now transformed into an "employee" working 60-hour or more weeks (Complaint at Par.

42). Plaintiff should not be permitted to misrepresent her employment status or connection to Defendant Mohammad before this Honorable Court.

The FLSA has a two-year statute of limitations that can be extended to three years if a plaintiff proves the defendant's violations were "willful." 29 U.S.C. § 255(a). Thus, Plaintiff cannot recover for causes of action that accrued more than three years before her Complaint was filed for any claims before August 24, 2019, as the Complaint was filed on August 24, 2022.

NYLL claims have a six-year statute of limitations period which would mean Plaintiff would not be able to recover for any claims that occurred before August 24, 2016. However, the Complaint does not allege what days Plaintiff worked in 2016 (Complaint at Par. 8) - the omission of which fails to fulfill minimal pleading standards requiring sufficient specificity as laid out in *Ashcroft v. Iqbal* 556 U.S. 662. Thus, it is requested that Plaintiff should either be directed to amend her complaint to include the dates in 2016 when Plaintiff allegedly worked, or any claims made in 2016 should be stricken from the Complaint.

For the foregoing reasons, Defendant respectfully seeks a pre-motion conference in contemplation of a motion to dismiss the complaint in its entirety.

Respectfully submitted,

By: *Bhavleen Sabharwal*
Bhavleen Sabharwal, Esq.
261 Madison Avenue, Suite 1004
New York, NY 10016
Tel: (917) 597-5984
Email: Bsabharwal@Bsablaw.com

Via ECF:

Douglas Brian Lipsky
Attorney for Plaintiff
Lipsky Lowe LLP
420 Lexington Avenue
Suite 1830
New York, NY 10170
212-392-4772
Email: doug@lipskylowe.com