UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
SHAMOLI KAPOOR,
Plaintiff,

v.

MICHAEL MATTHEW'S JEWELERS LLC, OMAR JEWELERS INC., MOHAMMAD BUTT, NAILA BUTT, LAIRAB BUTT, ZUHA BUTT, SOLOMON MATTATOV, ARIF MAHMOD, ABC CORPORATIONS 1-5 (fictitious names describing presently Unidentified business entities), and JOHN DOES 1-5 (fictitious names describing presently unidentified individuals), Jointly and Severally,

Defendants.
-------------------------------------------------------x

Civil Action No. 1:22-cv-05027-HG

AMENDED ANSWER

DEFENDANT, Mohammad Butt ("Defendant"), by his attorney, The Law Office of Bhavleen Sabharwal, P.C., answers the complaint of Plaintiff by stating as follows[1]:

## NATURE OF THE ACTION

1. Defendant denies the allegations contained in paragraph 1 of the complaint.

2. Defendant denies that Plaintiff is entitled to any relief under the statutes and/or rules cited and denies the remaining allegations contained in paragraphs 2 and 3.

## JURISDICTION AND VENUE

3. Defendant avers that the allegations contained in paragraphs 4, 5, and 6 contain legal conclusions which are for consideration of the Court and denies the remaining allegations.

## THE PARTIES

4. Defendant denies paragraphs 7, 8, and 9 of the complaint.

5. Defendant denies the allegations in paragraph 10 of the complaint.

6. Defendant denies the allegations contained in paragraphs 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, and 22 of the complaint.

---

[1] A request for a pre-motion conference to dismiss the complaint on behalf of Defendants Naila Butt, Zuha Butt, and Laraib Butt is currently before this Court.

## STATEMENT OF FACTS

7. Defendant denies the allegations contained in paragraphs 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, and 46 of the complaint.

## FIRST CAUSE OF ACTION

8. Defendant repeats and realleges each and every portion of his answer to paragraphs numbered "1" through "46" of the complaint as if more fully set forth herein at length.

9. Defendant denies the allegations in paragraph 48 and avers that the allegations contain legal conclusions which are for consideration of the Court.

10. Defendant denies paragraphs 49, 50, and 51 of the complaint.

11. Defendant denies the allegations in paragraph 52 and 53 and avers that the allegations contain legal conclusions which are for consideration of the Court.

## SECOND CAUSE OF ACTION

12. Defendant repeats and realleges each and every portion of his answer to paragraphs numbered "1" through "53" of the complaint as if more fully set forth herein at length.

13. Defendant denies the allegations in paragraphs 55 and 56 and avers that the allegations contain legal conclusions which are for consideration of the Court.

14. Defendant denies paragraphs 57 and 58 of the complaint.

15. Defendant denies the allegations in paragraphs 59 and 60 and avers that the allegations contain legal conclusions which are for consideration of the Court.

## THIRD CAUSE OF ACTION

16. Defendant repeats and realleges each and every portion of his answer to paragraphs numbered "1" through "60" of the complaint as if more fully set forth herein at length.

17. Defendant denies the allegations in paragraphs 62, 63, 64, 65, and 66, and avers that the allegations contain legal conclusions which are for consideration of the Court.

18. Defendant denies paragraphs 67, 68, 69, and 70 of the complaint.

## FOURTH CAUSE OF ACTION

19. Defendant repeats and realleges each and every portion of his answer to paragraphs numbered "1" through "70" of the complaint as if more fully set forth herein at length.

20. Defendant denies the allegations in paragraphs 72, 73, 74, and 75, and avers that the

allegations contain legal conclusions which are for consideration of the Court.

**FIFTH CAUSE OF ACTION**

21. Defendant repeats and realleges each and every portion of his answer to paragraphs numbered “1” through “75” of the complaint as if more fully set forth herein at length.

22. Defendant denies the allegations in paragraphs 77 and 78 and avers that the allegations contain legal conclusions which are for consideration of the Court.

**SIXTH CAUSE OF ACTION**

23. Defendant repeats and realleges each and every portion of his answer to paragraphs numbered “1” through “78” of the complaint as if more fully set forth herein at length.

24. Defendant denies the allegations in paragraphs 80 and 81 and avers that the allegations contain legal conclusions which are for consideration of the Court.

**SEVENTH CAUSE OF ACTION**

25. Defendant repeats and realleges each and every portion of his answer to paragraphs numbered “1” through “82” of the complaint as if more fully set forth herein at length.

26. Defendant denies the allegations in paragraphs 83 and 84 and avers that the allegations contain legal conclusions which are for consideration of the Court.

**PRAYER FOR RELIEF**

27. Defendant denies that Plaintiff is entitled to any relief requested in the “WHEREFORE” clauses of the complaint.

**GENERAL DENIAL**

28. Defendant denies each and every allegation not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff, during the period of employment with Defendant was employed as a salaried exempt employee under the FLSA and New York State Labor Law. Section 13(a)(1) of the Fair Labor Standards Act as defined by Regulations (“FLSA”), 29 CFR Part 541.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff, during the period of employment with Defendant was employed as a salaried "administrative" exempt employee under the FLSA and New York State Labor Law. Section 13(a)(1) of the Fair Labor Standards Act as defined by Regulations, 29 CFR Part 541.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff, during the period of employment with Defendant was employed as a salaried "professional" exempt employee under the FLSA and New York State Labor Law. Section 13(a)(1) of the Fair Labor Standards Act as defined by Regulations, 29 CFR Part 541.

**FOURTH AFFIRMATIVE DEFENSE**

The Court lacks personal jurisdiction over Defendant in this matter.

**FIFTH AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction over Defendant in this matter.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for liquidated damages are foreclosed by virtue of Defendant's good faith and reasonable belief that he was acting in accordance with the FLSA and applicable state laws and were not in violation of those laws.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff during the period of her employment with Defendant was employed as a salaried "learned professional" exempt employee under the FLSA and New York State Labor Law.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from seeking overtime due to her failure to report requests for overtime during the period of her employment.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is barred by the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff, during the period of employment with Defendant was employed as a salaried "highly compensated" exempt employee under the FLSA and New York State Labor Law. Section 13(a)(1) of the Fair Labor Standards Act as defined by Regulations, 29 CFR Part

541.

WHEREFORE, Defendant respectfully requests judgement dismissing the claims, and denying all the relief requested herein, together with such other and further relief as this Court deems just, equitable, and proper.

Dated: New York, New York
January 5, 2022

Yours, etc.
Bhavleen Sabharwal

Bhavleen Sabharwal
Law Office of Bhavleen Sabharwal, P.C.
**Attorneys for Defendants**
Mohammad Butt, Naila Butt, Lairab Butt and
Zuha Butt
261 Madison Avenue, Suite 1004
New York, NY 10016
Tel: (917) 597-5984
Email: Bsabharwal@Bsablaw.com

Via ECF:

Douglas Brian Lipsky
Attorney for Plaintiff
Lipsky Lowe LLP
420 Lexington Avenue
Suite 1830
New York, NY 10170
212-392-4772
Email: doug@lipskylowe.com