UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHAMOLI KAPOOR,<br><br>                    Plaintiff,<br><br>          v.<br><br>MICHAEL MATTHEWS JEWELERS OF KINGS PLAZA, LLC, OMAR JEWELERS INC., MOHAMMAD BUTT, NAILA BUTT, LARAIB BUTT, ZUHA BUTT, SOLOMON MATTATOV, ARIF MAHMOD, ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities), and JOHN DOES 1-5 (fictitious names describing presently unidentified individuals), Jointly and Severally,<br><br>                    Defendants. | ECF CASE<br><br>No.: 1:22-cv-5027 (HG)<br><br>FIRST AMENDED COMPLAINT<br><br>JURY TRIAL DEMANDED |

NATURE OF THE ACTION

1.      Plaintiff Shamoli Kapoor ("Plaintiff" or "Kapoor") worked as a general employee and as a domestic worker for Defendants Michael Matthews Jewelers of Kings Plaza, LLC ("Michael Matthews Jewelers"), Omar Jewelers Inc. ("Omar Jewelers"), ABC Corporations 1-5 (fictitious names describing presently unidentified business entities), Mohammad Imtiaz Butt, Naila Butt, Laraib Butt, Zuha Butt, Solomon Mattatov, Arif Mahmod, and John Does 1-5 (fictitious names describing presently unidentified individuals) ("Individual Defendants," collectively "Defendants") from in or about 2009[1] to in or about June 2020.

2.      Plaintiff Kapoor asserts Defendants willfully violated the New York Labor Law by

_____

[1] All date ranges and times in the Complaint are based on Plaintiff's memory and good faith, best estimates.

(i) failing to pay the minimum wage, (ii) failing to pay overtime, (iii) failing to provide spread-of-hours compensation, (iv) failing to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1 and (v) failing to provide an accurate wage statement under N.Y. Lab. Law § 195.3.

3.      Plaintiff Kapoor asserts Defendants willfully violated the Fair Labor Standards Act by (i) failing to pay the minimum wage and (ii) failing to pay overtime.

4.      Plaintiff Kapoor asserts Defendants Mohammad Imtiaz Butt, Naila Butt, Laraib Butt, Zuha Butt violated 18 U.S.C. § 1595, which permits civil actions for violations of the forced labor and trafficking provisions of the Victims of Trafficking and Violence Protection Act of 2000 ("TVPA"); and N.Y. Soc. Serv. Law § 483-bb(c)(i).

5.      Plaintiff Kapoor asserts a sexual assault claim, under the New York Adult Survivors Act, against Mohammad Butt.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1331, and 1337, supplemental jurisdiction over the New York statutory claims under 28 U.S.C. § 1367, and jurisdiction over the FLSA claims under 29 U.S.C. § 216(b).

7.      Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because all of the Corporate Defendants reside in this District and the events giving rise to the claims took place in this District.

8.      This Court is empowered to issue a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

9.      Plaintiff Kapoor was, at all relevant times, a resident of Brooklyn, New York and

Bronx, New York.

10.    Defendant Michael Matthews Jewelers is, upon information and belief, a foreign limited liability company, organized and existing under the laws of the state of Delaware, licensed to do business in the State of New York, with its principal place of business at 5391 Kings Plaza, Brooklyn, New York 11234.

11.    Defendant Michael Matthews Jewelers is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant Michael Matthew Jewelers is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and services include rings, necklaces, earrings, bracelets and watches.

12.    Defendant Mohammad Butt is an individual who resides in New York County, New York, and upon information and belief, owns, operates and controls Michael Matthews Jewelers' day-to-day operations and management and jointly employed Plaintiff Kapoor at all relevant times.

13.    Defendant Naila Butt is an individual who resides in New York County, New York.

14.    Defendant Laraib Butt is an individual who resides in New York County, New York.

15.    Defendant Zuha Butt is an individual who resides in New York County, New York.

16.    Defendant Solomon Mattatov is an individual who resides in New York County, New York, and upon information and belief, owns, operates and controls Michael Matthews Jewelers' day-to-day operations and management and jointly employed Plaintiff Kapoor at all relevant times.

17.    Defendant Omar Jewelers is, upon information and belief, a domestic business

3

corporation, organized and existing under the laws of the state of New York with its principal place of business at 73-11 37th Road, Jackson Heights, New York 11372.

18.     Defendant Omar Jewelers is, upon information and belief, an enterprise engaged in commerce or in the production of goods for commerce. Defendant Omar Jewelers is engaged in commerce or in the production of goods for commerce, because, *inter alia*, it has employees that handle goods and materials that have been produced for and moved in commerce, and, upon information and belief, its annual gross volume of business is at least $500,000.00. These goods and services include rings, necklaces, earrings, bracelets and watches.

19.     Defendant Arif Mahmod is an individual who resides in Richmond County, New York, and upon information and belief, owns, operates and controls Omar Jewelers Inc.'s day-to-day operations and management and jointly employed Plaintiff Kapoor at all relevant times.

20.     Defendants ABC Corporations 1-5 are currently unidentified business entities that have acted in concert with Defendants, and/or currently unidentified business entities responsible for the creation and/or implementation of the unlawful wage practices described herein.

21.     Defendants John Does 1-5 are currently unidentified individuals who acted in concert with Defendants and/or currently unidentified individuals responsible for the creation and/or implementation of the unlawful wage practices described herein.

22.     Defendants had control over Plaintiff Kapoor's working conditions and over the unlawful policies and practices detailed in this Complaint.

23.     Defendants are covered employers within the meaning of the FLSA and the Labor Law and, at all relevant times, employed Plaintiff Kapoor.

24.     Each Defendant, either directly or indirectly, has hired and fired Plaintiff Kapoor and controlled her work schedule and employment conditions, determined her payment rate and

4

method, and kept at least some records regarding her employment.

## STATEMENT OF FACTS

25.     Defendant Michael Matthews Jewelers is a jewelry store located at 5391 Kings Plaza, Brooklyn, New York 11234.

26.     Michael Mathews Jewelers has multiple locations across New York, including on 66-26 Metropolitan Avenue, Brooklyn, New York and 105-05 Crossbay Boulevard, Ozone Park, New York.  Plaintiff does not however, know the corporate entity under which those stores exist.

27.     Upon information and belief, Defendant Michael Matthews Jewelers employs 11 or more employees.

28.     Defendant Omar Jewelers operates two jewelry stores: one located at 73-11 37th Road, Jackson Heights, New York 11372 and one located at 2048 Victory Boulevard, Staten Island, New York 10314.

29.     Defendant Mohammad Butt's primary residence is located in Little Neck New York.

30.     Defendant Naila Butt is Defendant Mohammad Butt's wife.

31.     Defendants Laraib Butt (32 years old) and Zuha Butt (28 years old) are Defendants Mohammad Butt and Naila Butt's daughter

32.     Upon information and belief, Defendant Omar Jewelers employs 11 or more employees.

Duties Performed and Hours Worked[2]

33.     Defendants employed Plaintiff Kapoor at their jewelry stores, Omar Jewelers and

---

[2] These subject lines are included only for organizational purposes.

5

Michael Mathews Jewelers ("Jewelry Stores") and as a domestic worker at their homes during various time periods from 2009 to June 2020.

34.    Defendants Mohammad Butt, Solomon Mattaatov and Arif Mahmod hired and employed Plaintiff Kapoor to work at their Michael Mathews and Omar jewelry stores.

35.    Defendants Mohammad Butt, Naila Butt, Laraib Butt, Zuha Butt hired and employed Plaintiff Kapoor to work at Mohammad Butt's home.

Work at the Jewelry Stores

36.    At the Jewelry Stores, Plaintiff had various duties: cleaning the store, buying and getting supplies as needed, training employees, preparing paperwork for US Customs for gold the stores purchased, melting gold, putting the jewelry in the safe at the end of the day and other miscellaneous tasks.

37.    Defendants Mohammad Butt, Solomon Mattaatov and Arif Mahmod told Plaintiff Kapoor what to do at the Jewelry Stores and how to do it. They also told her when she had to work and could stop working.

38.    Defendants Mohammad Butt, Solomon Mattaatov and Arif Mahmod made the decision not to pay Plaintiff Kapoor for her work at the Jewelry Stores.

39.    In March or April 2014, Defendant Mohammad Butt physically assaulted Plaintiff Kapoor at an optical store on Liberty Avenue that he owns and operates.

Work at Defendant Mohammad Butt's Little Neck, New York Home

40.    As a domestic worker at the Defendants Mohammad Butt, Naila Butt, Laraib Butt, Zuha Butt's home, Plaintiff was responsible for cleaning their home, running general errands, giving them full body and foot massages, cooking for parties or gatherings, and other miscellaneous tasks.

41.     Defendant Naila Butt controlled and directed the work Plaintiff did at her Little Neck, New York home, including telling her to clean her house, how to clean the house, ordering Plaintiff to give her massages, thread her eyebrows, and give her a full body wax.

42.     Defendant Naila Butt demanded daily full body massages from Plaintiff Kapoor.

43.     Defendant Laraib Butt controlled and directed the work Plaintiff did at her Little Neck, New York home, including demanding facials, cleaning duties around the house (e.g., cleaning the iron pots, changing bed sheets, cleaning the bathroom and doing laundry).

44.     Defendant Zuha Butt controlled and directed the work Plaintiff did at her Little Neck, New York home, including demanding massages from Plaintiff, that Plaintiff give her a full body wax, that Plaintiff clean the house, that Plaintiff do the laundry and that Plaintiff clean the garage.

45.     Throughout her time working at their Little Neck, New York home in 2016, Defendants Naila Butt, Laraib Butt and Zuha Butt were at the home telling Plaintiff Kapoor what to do and how to do it.

46.     Defendants Zuha and Naila Butt would sometimes take Plaintiff to clean other people's homes or service their friends. They, for example, took her to a friend's house to put henna on the friend's daughter and was there from 10:00 p.m. to 4:00 a.m.

47.     Defendants Naila Butt, Laraib Butt, Zuha Butt and Mohammad Butt would often not let Plaintiff sleep on her bed, require her to sleep on the floor and would regularly not give her any food.

48.     When Defendants Naila Butt, Laraib Butt, Zuha Butt would go shopping or running other errands, they would often demand that Plaintiff massage their bodies, including their feet.

49.     Defendants Naila Butt, Laraib Butt, Zuha Butt and Mohammad Butt also routinely

assigned Plaintiff to work for a myriad of other companies they each owned, ranging from other jewelry companies to construction companies.

50.     In this capacity, Plaintiff was required to transport other workers to and from job sites, clean the job sites, get supplies as needed, and other miscellaneous tasks.

51.     During her employment with Defendants, Plaintiff Kapoor's primary duties consisted of routine mental, manual and mechanical work and she was not allowed to and did not exercise any meaningful discretion or independent judgment in performing her duties or on any significant matters. Her primary duties were not directly related to the management or general business operations of Defendants or their customers. Furthermore, she did not have authority to hire, fire or otherwise affect other employees' work conditions in any way.

<u>Human Trafficking</u>

52.     In late 2012/2013, Defendants Mohammad Butt and Naila Butt confiscated Plaintiff Kapoor's passport with the intent to deprive her of her freedom of travel, forcing her to work for them for free.

53.     Defendants Laraib Butt and Zuha Butt are aware that Defendants Mohammad Butt and Naila Butt confiscated Plaintiff Kapoor's passport because Plaintiff Kapoor repeatedly pleaded with them that they return her passport.

54.     Defendants Solomon Mattatov and Arif Mahmood, upon information and belief, knew that Defendants Mohammad Butt and Naila Butt had confiscated Plaintiff Kapoor's passport.

55.     Defendants Mohammad Butt, Naila Butt, and Solomon Mattatov induced Plaintiff Kapoor to work under this arrangement for a few reasons; they said they would sponsor her and her family for permanent residency in the United States; they took all of her money and jewelry; and they held on to her passport.

56.     Defendants used Plaintiff Kapoor's credit cards to accrue debt in her name, creating a serious financial hardship for her. For example, in 2017, Defendant Naila Butt used Plaintiff Kapoor's credit cards to purchase mattresses, purchase items at Marshall's and a chair from Bob's Discount Furniture; and Defendant Laraib Butt used her credit cards to pay for gas, and to wash her car.

57.     In 2013, Defendant Mohammad Butt sexually assaulted Plaintiff Kapoor.

58.     In 2013, Defendants Mohammad Butt and Naila Butt physically assaulted Plaintiff Kapoor to force her to give them her keys to two TD Bank safety deposit boxes and to transfer the safety deposit boxes into Defendant Mohammad Butt's name.

59.     In 2013, Defendants Naila Butt, Laraib Butt, Zuha Butt and Mohammad Butt withdrew all of the money from Plaintiff Kapoor's bank accounts.

60.     In 2013 or 2014, Defendant Mohammad Butt transferred the title of Plaintiff Kapoor's car into his name and did so without her consent.

61.     Defendants knowingly profited off of and benefited from Plaintiff Kapoor's free services.

62.     Plaintiff Kapoor is not the only victim of Defendants' pay practices.

63.     Defendants employed Bharati Ghaghada at Omar Jewelers from August 13, 2014 to March 17, 2020, working 6 days a week from 10:00 a.m. to 9:00 p.m. During this time, she reported to Defendant Arif Mahmod and was paid $50.00 per day. Bharati Ghaghada states, in a sworn statement dated November 9, 2020, that "I requested Mr. Arif Mahmood to increase my salary but my honest request was turned down. All the girls and I Bharati Ghaghada working in Omar Jewelers are being paid in cash and few of them are just working in Omar Jewelers for free getting nothing for their work done."

Hours Worked

64.     Throughout her employment with Defendants, Plaintiff Kapoor regularly worked in excess of 40 hours per week.

65.     From 2009 to December 2016, Defendants shuttled Plaintiff Kapoor around, having her work at the Jewelry Stores and at Defendants Naila Butt, Laraib Butt, Zuha Butt and Mohammad Butt's home.

66.     Defendants, in doing so, disregarded the corporate formalities and treated the Jewelry Stores as one integrated enterprise.

67.     Individual Defendants, upon information and belief, regularly coordinated amongst themselves at whose business or home Plaintiff Kapoor would work and would then direct Plaintiff Kapoor where to work.

68.     From 2009 to December 2016, Plaintiff Kapoor would work at the Jewelry Stores 7 days a week, working at least 10 hours a day, working at least 70 hours per week at the stores. And before and after working at the Stores, Plaintiff Kapoor worked at Defendants Naila Butt, Laraib Butt, Zuha Butt and Mohammad Butt's home 7 days a week, working at least 8 hours a day performing various domestic duties, working at least 56 hours per week. She, in total, worked 18 hours a day for Defendants, working at the Stores and their home.

69.     Beginning in December 2016, Plaintiff Kapoor no longer worked at Defendants Naila Butt, Laraib Butt, Zuha Butt and Mohammad Butt's home, nor did she work at the Michael Mathews jewelry stores.

70.     From August 2017 to December 2017, Plaintiff Kapoor worked at the Omar Jewelry stores, working primarily at the Queens location and sometimes at the Staten Island location. During these months, she worked 5-6 days per week, working 9-10 hours a day, working

at least 45 hours per week.

71.     In 2018, Plaintiff Kapoor worked at the Omar Jewelry stores, working primarily at the Queens location and sometimes at the Staten Island location. During this year, she worked 6 days per week, working 10 hours and sometimes 12 hours on weekends, working at least 60 hours.

72.     From July 2019 to December 2019, Plaintiff Kapoor worked at the Omar Jewelry stores at the Queens location. During this year, she worked 5-6 days per week, working 5-6 hours during the weekdays and 10-12 hours on Saturday and Sunday, working between 35-42 hours.

73.     From May 2020 to August 2020, Plaintiff Kapoor worked at the Omar Jewelry stores, working primarily at the Queens location. During this year, she worked 7 days per week, working 10 – 12 hours per day, working at least 70 hours.

74.     Plaintiff Kapoor was not required to keep track of her time, nor to her knowledge, did Defendants utilize any time tracking device, such as punch cards.

75.     Defendants acted as one integrated, joint employer, employing Plaintiff Kapoor.

Salary, Overtime, Spread-of-Hours Pay

76.     Throughout the entirety of her employment, Defendants did not pay Plaintiff Kapoor any wages.

77.     Defendants failed to pay Plaintiff Kapoor the federal and state minimum wage because they failed to pay her for any hours that she worked during the entirety of her employment.

78.     Defendants failed to pay Plaintiff Kapoor the proper overtime premium rate for every hour she worked over 40 hours per week, calculated as 1.5 times the applicable minimum wage as follows:

| Dates | FLSA Minimum Wage Rate[3] | FLSA Overtime Premium Pay Rate | NYLL Minimum Wage Rate[4] | NYLL Overtime Premium Pay Rate |
|-------|---------------------------|--------------------------------|---------------------------|---------------------------------|
| 2016 | $7.25 | $10.88 | $9.00 | $13.50 |
| 2017 | $7.25 | $10.88 | $11.00 | $16.50 |
| 2018 | $7.25 | $10.88 | $13.00 | $19.50 |
| 2019 -2020 | $7.25 | $10.88 | $15.00 | $22.50 |

79.     By failing to pay Plaintiff Kapoor *any* compensation for *any* of her hours worked throughout her employment, Defendants owe Plaintiff the applicable minimum wage for each hour worked up to 40 hours per week, and the overtime premium rate, calculated as 1.5 times of the applicable minimum wage, for each hour worked over 40 hours per week.

80.     For the days she was scheduled to and worked more than 10 hours in a day, Defendants did not pay Plaintiff Kapoor spread-of-hours pay: an extra hour at the statutory minimum wage.

Labor Law Notice Violations

81.     Defendants did not provide Plaintiff Kapoor the Notice of Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1 when she was hired or at any point during her employment.

82.     Defendants did not provide Plaintiff Kapoor with a wage statement with each payment of wages as required by N.Y. Lab. Law § 195.3.

---

[3] https://www.dol.gov/agencies/whd/minimum-wage/history (last visited November 10, 2021).
[4] https://dol.ny.gov/minimum-wage-0 (last visited November 10, 2021);
https://www.laborlawcenter.com/education-center/new-york-minimum-wage-increase-2015/
(last visited November 10, 2021).

FIRST CAUSE OF ACTION
FAILURE TO PAY THE MINIMUM WAGE UNDER THE FLSA
(As to Defendants Michael Matthews Jewelers of Kings Plaza, LLC, Omar Jewelers Inc.
Mohammad Butt, Solomon Mattaatov and Arif Mahmod)

83.      Plaintiff Kapoor realleges every preceding allegation as if set forth fully herein.

84.      Defendants Michael Matthews Jewelers of Kings Plaza, LLC, Omar Jewelers Inc.
Mohammad Butt, Solomon Mattaatov and Arif Mahmod employed Plaintiff Kapoor within the
meaning of the FLSA.

85.      Defendants knowingly failed to pay Plaintiff Kapoor the minimum wages to which
she was entitled under the FLSA.

86.      Defendants were required to pay Plaintiff Kapoor the full minimum wage rate for
all hours worked.

87.      Defendants failed to pay Plaintiff Kapoor at the minimum wage because they failed
to pay her for any hours worked during the entirety of her employment.

88.      Because Defendants' violations of the FLSA were willful, a three-year statute of
limitations applies under 29 U.S.C. § 255.

89.      As a result of Defendants' FLSA violations, Plaintiff Kapoor has suffered damages
by being denied minimum wages in accordance with the FLSA in amounts to be determined at
trial, and is entitled to recover of such amounts, liquidated damages, prejudgment interest,
attorneys' fees, costs, and such other legal and equitable relief as this Court deems just and proper.

SECOND CAUSE OF ACTION

FAILURE TO PAY OVERTIME UNDER THE FLSA

(As to Defendants Michael Matthews Jewelers of Kings Plaza, LLC, Omar Jewelers Inc. Mohammad Butt, Solomon Mattaatov and Arif Mahmod)

90.      Plaintiff Kapoor realleges every preceding allegation as if set forth fully herein.

91.      Defendants Michael Matthews Jewelers of Kings Plaza, LLC, Omar Jewelers Inc. Mohammad Butt, Solomon Mattaatov and Arif Mahmod have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce under the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

92.      Defendants were required to pay Plaintiff Kapoor no less than 1.5 times the regular rate at which she was employed for all hours worked in excess of 40 hours in a workweek under the overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201, *et seq*., including 29 U.S.C. §§ 207(a)(1) and 215(a).

93.      At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff Kapoor the proper overtime compensation for her hours worked in excess of 40 hours per workweek.

94.      Defendants were aware or should have been aware that the practices described in this Complaint were unlawful, making their violations willful or reckless.

95.      Defendants have not made a good faith effort to comply with the FLSA with respect to Plaintiff Kapoor's compensation.

96.      Defendants have failed to make, keep and preserve records with respect to their employees sufficient to determine the wages, hours, and other conditions and practices of employment, violating the FLSA, 29 U.S.C. §§ 201, 207(a)(1) and 215(a).

THIRD CAUSE OF ACTION
FAILURE TO PAY THE MINIMUM WAGE
UNDER THE NEW YORK LABOR LAW
(As to all Defendants)

97.     Plaintiff Kapoor realleges every preceding allegation as if set forth fully herein.

98.     Defendants are employers under N.Y. Lab. Law §§ 190, 196-d, 651(5), 652 and supporting New York State Department of Labor Regulations and employed Plaintiff Kapoor.

99.     Plaintiff is not asserting Defendants Naila Butt, Laraib Butt and Zuha Butt were her employer when she worked at the Jewelry Stores.

100.     The wage payment provisions of Article 6 of the Labor Law and supporting New York State Department of Labor Regulations apply to Defendants and protect Plaintiff Kapoor.

101.     Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff Kapoor the statutory minimum wage.

102.     Defendants were required to pay Plaintiff at an hourly rate and was not permitted to pay Plaintiff a fixed weekly salary. 12 N.Y.C.R.R. § 146-2.5.

103.     Upon information and belief, Defendants failed to post, in a conspicuous place upon their premises a notice issued by the New York State Department of Labor summarizing minimum wage provisions, violating the Labor Law and supporting New York State Department of Labor Regulations. 12 N.Y.C.R.R. §§ 137-2.3, *et seq*.

104.     Defendants paid Plaintiff Kapoor below the statutory minimum wage.

105.     Defendants failed to pay Plaintiff Kapoor at the minimum wage because they failed to pay her for any hours worked during the entirety of her employment.

106.     Defendants have willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Kapoor the minimum wage.

107.     Due to Defendants' Labor Law Violations, Plaintiff Kapoor is entitled to recover

from Defendants her unpaid wages, liquidated damages, reasonable attorneys' fees, costs, and pre

and post-judgment interest.

<u>FOURTH CAUSE OF ACTION</u>
FAILURE TO PAY OVERTIME UNDER THE NEW YORK LABOR LAW
(As to all Defendants)

108.    Plaintiff Kapoor realleges every preceding allegation as if set forth fully herein.

109.    Under the Labor Law and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiff Kapoor 1.5 times her regular rate of pay for all hours she worked in excess of 40 per workweek.

110.    Plaintiff is not asserting Defendants Naila Butt, Laraib Butt and Zuha Butt were her employer when she worked at the Jewelry Stores.

111.    Defendants failed to pay Plaintiff Kapoor the overtime wages to which she was entitled, violating N.Y. Lab Law § 650 and Part 142 § 142-2.2 of Title 12 of the Official Compilation of Codes, Rules and Regulations promulgated by the Commissioner of Labor pursuant to the Minimum Wage Act.

112.    Defendants willfully violated the Labor Law by knowingly and intentionally failing to pay Plaintiff Kapoor overtime.

113.    Due to Defendants' Labor Law violations, Plaintiff Kapoor is entitled to recover from Defendants her unpaid wages, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## FIFTH CAUSE OF ACTION
### FAILURE TO PAY SPREAD-OF-HOURS PAY
(As to all Defendants)

114.    Plaintiff Kapoor realleges every preceding allegation as if set forth fully herein.

115.    Defendants willfully failed to pay Plaintiff Kapoor one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Kapoor's hours worked exceeded ten hours, violating Part 146 § 146-1.6 of Title 12 of the Official Compilation of Codes, Rules and Regulations.

116.    Plaintiff is not asserting Defendants Naila Butt, Laraib Butt and Zuha Butt were her employer when she worked at the Jewelry Stores.

117.    Due to Defendants' Labor Law violations, Plaintiff Kapoor is entitled to recover from Defendants her unpaid spread-of-hours pay, liquidated damages, reasonable attorneys' fees, costs, pre and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SIXTH CAUSE OF ACTION
### FAILURE TO PROVIDE 195.1 NOTICE UNDER THE NEW YORK LABOR LAW
(As to Defendants Michael Matthews Jewelers of Kings Plaza, LLC, Omar Jewelers Inc.
Mohammad Butt, Solomon Mattaatov and Arif Mahmod)

118.    Plaintiff Kapoor realleges every preceding allegation as if set forth fully herein.

119.    Defendants Michael Matthews Jewelers of Kings Plaza, LLC, Omar Jewelers Inc. Mohammad Butt, Solomon Mattaatov and Arif Mahmod willfully failed to supply Plaintiff Kapoor with the required Notice and Acknowledgement of Pay Rate and Payday under § 195.1(a) within 10 business days of their first employment date.

120.    Due to Defendants' violations of N.Y. LAB. LAW § 195.1, Plaintiff Kapoor is entitled to recover from Defendants $50.00 for each workday that the violations occurred or continue to occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and

17

declaratory relief. N.Y. Lab Law § 198(1)-b (2016).

SEVENTH CAUSE OF ACTION
FAILURE TO PROVIDE 195.3 WAGE STATEMENT
UNDER THE NEW YORK LABOR LAW
(As to Defendants Michael Matthews Jewelers of Kings Plaza, LLC, Omar Jewelers Inc.
Mohammad Butt, Solomon Mattaatov and Arif Mahmod)

121.    Plaintiff Kapoor realleges every preceding allegation as if set forth fully herein.

122.    Defendants Michael Matthews Jewelers of Kings Plaza, LLC, Omar Jewelers Inc.
Mohammad Butt, Solomon Mattaatov and Arif Mahmod willfully failed to supply Plaintiff Kapoor
with an accurate wage statement with each payment of wages, violating N.Y. Lab Law § 195.3.

123.    Due to Defendants' violations of N.Y. Lab Law § 195.3, Plaintiff Kapoor is entitled
to recover from Defendants $250.00 for each workday that the violations occurred or continue to
occur, or a total of $5,000.00, reasonable attorneys' fees, costs, injunctive and declaratory relief.
N.Y. Lab Law § 198(1)-d (2016).

EIGHTH CAUSE OF ACTION
FORCED LABOR VIOLATION OF THE
TRAFFICKING VICTIMS PROTECTION ACT OF 2000
(As to all Defendants)

124.    Plaintiff Kapoor realleges every preceding allegation as if set forth fully herein.

125.    The Individual Defendants knowingly obtained Plaintiff Kapoor's labor and
services by threats of serious harm, scheme or pattern of behavior and/or abuse of legal process
within the meaning of the TVPA, 18 U.S.C. § 1589.

126.    Plaintiff Kapoor is authorized to bring this claim against the Individual Defendants
pursuant to the civil remedies provision of the TVPA, 18 U.S.C. § 1595.

127.    As a proximate result of the Individual Defendants' conduct, Plaintiff Kapoor has
suffered damages.

128.    Individual Defendants knowingly played a significant role in and practically and

18

materially assisted in and subjected Plaintiff Kapoor to conditions of forced labor while she was employed at the Jewelry Stores and at Naila Butt, Laraib Butt, Zuha Butt and Mohammad Butt's home.

129.    At the time they engaged in this conduct, Defendants Mohammad Butt, Solomon Mattaatov and Arif Mahmod were owners and directors of the Jewelry Stores

130.    Plaintiff Kapoor's exploitation occurred in the ordinary course of Defendants Mohammad Butt, Solomon Mattaatov and Arif Mahmod' supervision of her at the Jewelry Stores.

131.    The Jewelry Stores are liable under the doctrine of *respondeat superior*.

132.    The statute of limitations should be equitably tolled considering the confiscation of Plaintiff Kapoor's passport and the physical violence Defendants often subjected her to.

NINTH CAUSE OF CAUSE<br>LABOR TRAFFICKING UNDER NEW YORK LAW<br>(As to all Defendants)

133.    Plaintiff Kapoor realleges every preceding allegation as if set forth fully herein.

134.    New York law creates a civil cause of action for victims of labor trafficking. N.Y. Soc. Serv. Law § 483-bb(c)(i).

135.    The statute of limitations for this cause of action is 15 years from "the date on which the trafficking victim was freed from the trafficking situation . . . ." N.Y. Soc. Serv. Law § 483-bb(c)(ii).

136.    Under New York law, a person is guilty of labor trafficking if they compel another to engage in labor by instilling a fear in such person that immigration proceedings may be instituted against them. N.Y. Penal Law § 135.35(3)(d).

137.    Individual Defendants confiscated Plaintiff Kapoor's passport with the intent of depriving her of her freedom of travel and to knowingly profit from her forced and free labor,

19

violating N.Y. Soc. Serv. Law § 483-bb(c)(i).

TENTH CAUSE OF ACTION
SEXUAL ASSAULT UNDER THE NEW YORK ADULT SURVIVORS ACT

138.     Plaintiff Kapoor realleges every preceding allegation as if set forth fully herein.

139.     Defendant Mohammad Butt sexually assaulted Plaintiff Kapoor in 2013 when he had sex with her without her consent.

140.     Under the Adult Survivors Act, individuals have between November 24, 2022 and November 23, 2023 to assert civil against for legal claims based on sexual assault and rate.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff Kapoor respectfully requests this Court grant the following relief:

a.     A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the Labor Law;

b.     An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.     An award for unpaid minimum wages under the Labor Law and the FLSA;

d.     An award for unpaid overtime under the Labor Law and the FLSA;

e.     An award for unpaid spread-of-hours pay under the Labor Law;

f.     An award for failing to provide the N.Y. Lab. Law § 195.1 Notice;

g.     An award for failing to provide the N.Y. Lab. Law § 195.3 Statements;

h.     An award of liquidated damages as a result of Defendants' Labor Law violations;

i.     An award of liquidated damages as a result of Defendants' willful FLSA violations;

20

j.      An award for all compensatory and punitive damages available under the TVPA and N.Y. Soc. Serv. Law § 483-bb(c)(i).

k.      An award of pre-judgment and post-judgment interest;

l.      An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

m.      Such other and further relief as this Court deems just and proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Kapoor demands a trial by jury on all questions of fact the First Amended Complaint raises.

Dated: New York, New York
      February 14, 2023

LIPSKY LOWE LLP

<u>s/ Douglas B. Lipsky</u>
Douglas B. Lipsky
420 Lexington Avenue, Suite 1830
New York, New York 10170-1830
212.392.4772
doug@lipskylowe.com