LIPSKY LOWE LLP
AN EMPLOYMENT LAW FIRM

Douglas B. Lipsky

420 Lexington Avenue, Suite 1830
New York, New York 10170
Main: 212.392.4772
Direct: 212.444.1024
doug@lipskylowe.com

www.lipskylowe.com

February 24, 2023

VIA ECF
The Honorable Hector Gonzalez, U.S.D.J.
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Kapoor v. Michael Mathews Jewelers of Kings Plaza, LLC *et al.*, 1:22-cv-5027 (HG)

Dear Judge Gonzalez:

The parties hereby submit, pursuant to the Court's August 30, 2022 Order (Doc. No. 5), the following joint letter describing the case.

Plaintiff's Section

Factual Summary

The Defendants employed Plaintiff at their jewelry stores (Omar Jewelers and Michael Mathews Jewelers) and as their domestic worker from 2009 to June 2020. Specifically, from 2009 to December 2016, her mornings began as domestic worker at the home of Mohammad Butt, Naila Butt, Laraib Butt, Zuha Butt, she would then work at one of Defendants' jewelry stores and then return to the Butt's residence. She performed various duties at the Butt's residence, including cleaning it, giving the family members massages, and doing laundry. When at the jewelry store, her duties included cleaning the store, melting gold and cleaning the jewelry.

While at the stores, Defendants Mohammad Butt, Solomon Mattaatov and Arif Mahmod told Plaintiff Kapoor what to do and how to do it. They also said when she could stop working.

While at the Butt's residence, Defendants Mohammad Butt, Naila Butt, Laraib Butt, Zuha Butt told her what to do and instructed her how to do it. This varied from cleaning the house, washing sheets, giving massages to telling her to put henna on a family friend.

She, in performing these duties, worked long hours 7 days a week: 10 hours at the store each day and a combined 8 hours a day at their residence. She was therefore working at least 70 hours for Defendants.

Beginning in December 2016, she worked only at their jewelry stores and she continued to do so until August 2020. Through this time period, her weekly hours worked spanned from 35 to 70 hours.

Despite working these hours, Defendants did not pay her anything. Defendants induced Plaintiff Kapoor to work under this arrangement for a few reasons; they told her that they would sponsor her and her family for permanent residency in the United States; they took all of her money and jewelry; they held on to her passport; and they used her credit card for personal purposes and creating a financial hardship. On top of this, Defendants physically assaulted her, including Defendant Mohammad Butt having sex with her without her consent.

Jurisdictional Basis

As to subject matter jurisdiction, Plaintiff asserts three federal claims: failure to pay the minimum wage and overtime under the Fair Labor Standards Act; and a civil action for violating the forced labor and trafficking provisions of the Victims of Trafficking and Violence Protection Act of 2000, 18 U.S.C. § 1595 ("TVPA"). Plaintiff further asserts this Court has supplemental jurisdiction over the state claims because they all arise from the same facts are closely intertwined. Jurisdiction therefore exists over the federal claims under 28 U.S.C. § 1331 and under 28 U.S.C. § 1367 for the state claims.

As to personal jurisdiction, all of the events at issue occurred within this District and the corporate defendants are residents of this District. 28 U.S.C. § 1391.

Legal Basis for Claims

Based on Plaintiff working these hours, not getting paid anything and not getting any pay stubs, she asserts seven wage and hour claims: failure to pay the minimum wage under the Labor Law and FLSA; failure to pay overtime under the Labor Law and FLSA; failure to pay spread-of-hours under the Labor Law; failure to provide the Notice and Acknowledgement of Payrate and Payday under N.Y. Lab. Law § 195.1; and failure to provide an accurate wage statement under N.Y. Lab. Law § 195.3.

Based on Defendants not paying her, Defendants benefiting from her work, Defendants' holding onto her passport, Defendants accruing debt in her name, Defendants threatening her with and actually physically harming her, Plaintiff asserts two forced labor claims: one under 18 U.S.C. § 1595, which permits civil actions for violations of the TVPA and one under N.Y. Soc. Serv. Law § 483-bb(c)(i).

Finally, based on Defendant Mohammad Butt sexually assaulting her in 2014, she asserts a sexual assault claim. It is timely under the one year look back provision under the

New York Adult Survivors Act, allowing victims to bring a claim between November 24, 2022 and November 24, 2023.

<u>Legal Basis for Defenses</u>

Defendants Mohammad Butt ("Defendant Mohammad"), Naila Butt ("Defendant Naila"), Laraib Butt ("Defendant Laraib"), and Zuha Butt ("Defendant Zuha") (collectively "Defendants") assert that Plaintiff was not employed as an employee in any capacity by Defendants and most certainly not as a non-exempt employee entitled to damages for alleged violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

From "various time periods from 2009 to June 2020" (Amended Complaint at Par. 33) Plaintiff alleges she was employed by various entities which include a list of jewelry stores named as co-defendants. Defendant Mohammad denies being a principal, officer, employee, and/or manager at the jewelry stores Plaintiff claims he employed her at. The Amended Complaint alleges Defendants Naila, Laraib, and Zuha employed Plaintiff in their home and the home of Defendant Mohammad. Upon information and belief, Plaintiff's naming of family members of Defendant Mohammad who bear no connection to the instant claims was done for the sole purpose of harassing Defendant Mohammad. This is the third case Plaintiff has filed against Defendant Mohammad in the last five years. The other two matters are pending before the Supreme Court County of Queens entitled "Shamoli Kapoor and Refine Gold 24/7 NY LTD v. Naila Butt and Mohammad Imtiaz Butt" bearing an index number 705163/2018 ("First Action") and Shamoli Kapoor and Refine Gold 24/7 NY LTD v. Mohammad Imtiaz Butt, et. al. bearing an index number 705005/2018 ("Second Action"). The complaint in the First Action alleges that Plaintiff had an ownership interest in a bank account belonging to Refine Gold and alleges that Defendant Mohammad transferred monies from Plaintiff's bank account in the amount of $520,000 to Defendant Naila's checking account. The case status on NYSECF is presently marked as "disposed". The Second Action alleges again that Plaintiff is the sole owner of Refine Gold 24/7 NY Ltd. and that Plaintiff is allegedly owed $2.5 million based on an amount allegedly loaned to Defendant Mohammad and various defendants in 2013. The case status on NYSECF is presently marked as "stayed". Conspicuously absent from the original complaint or the Amended Complaint is any reference to Plaintiff being a business owner as she has now transformed into a domestic servant working 70-hour or more weeks. Notably, Plaintiff's current Linkedin profile lists her as a "manager". It is simply implausible that Plaintiff with the resources and finances to be a serial litigator[1] and to manage and or own a business or several is the same individual performing "body waxes" and "massages" on command for Defendants. This is especially implausible as Defendants

---

[1] In addition to the above-referenced cases, upon information and belief, Plaintiff filed and appeared pro-se in an action she filed against Kuwait Airways in October 2018 entitled "*Shamoli Kapoor v. Kuwait* Airways Customs Service Dept". The matter was appealed to the Supreme Court Appellate Term by Plaintiff and dismissed. Upon information and belief, Plaintiff appeared pro-se in a matter entitled "Shamoli Kapoor v. Coleman Parking, LLC". The matter was appealed to the Supreme Court Appellate Term by Plaintiff and dismissed.

Laraib and Zuha were not residing in the Little Neck home during the entire time period alleged and documentary evidence supports this. A critical element in asserting a NYLL or FLSA claim for economic damages is that a defendant must actually employ Plaintiff which Defendants deny doing- both in the home or outside the home.

In order to explore these defenses, the Defendants plan to take the deposition of the Plaintiff and any and all of Plaintiff's witnesses, request documents to explore the validity of Plaintiff's claims that she was employed by Defendants and seek further documentation or witness testimony which would corroborate or disprove Plaintiff's claims.

<u>Anticipated motions</u>

Both parties anticipate moving for summary judgment following discovery.

<u>Other issues</u>

Given the number of defendants and the myriad of claims asserted ranging from alleged sexual assault to alleged violations of the FLSA and NYLL and the dates of employment alleged as being over the course of over ten years (2009 to 2020), the parties respectfully request a longer discovery period than what is laid out in Your Honor's Case Management Plan directives. The parties jointly request for the close of discovery to take place on February 21, 2024 and this proposed date has been inserted into the proposed Case Management Plan pending the Court's approval.

The parties also jointly request that the discovery deadlines set forth in the Order issued by the Court on February 15, 2023 [DE 33] which orders initial disclosures to be exchanged by March 6, 2023 and further orders that service of initial interrogatories and requests for production of documents be exchanged by March 10, 2023 be extended. Defendants' time to answer the First Amended Complaint is on or before March 14, 2023 and as such it is requested that both deadlines be extended to April 5, 2023 so that the parties have additional time to assess their claims and defenses after the answer is filed.

<u>Mediation</u>

The parties jointly agree to a referral for a settlement conference to the Eastern District of New York's Court-Annexed Mediation program and for mediation to be completed by April 17, 2023 subject to the availability of a mediator.

Respectfully submitted,
All counsel of record

CC: Counsel of Record (Via ECF)

**MANDATORY REQUIREMENTS FOR CASE MANAGEMENT PLAN**

The following instructions, along with Judge Gonzalez's Individual Practices available on the Court's public website (https://www.nyed.uscourts.gov/pub/rules/HG-MLR.pdf), shall apply to this case:

1. Plaintiff's counsel shall notify all attorneys in this action in writing of this order.

2. The parties shall file on the docket a completed Case Management Plan using the attached form on or before October 11, 2022.

3. Pursuant to Fed. R. Civ. P. 26(f), counsel for the parties shall confer about a proposed discovery plan at least 21 days before the deadline for submitting the Case Management Plan.

4. The Court expects the parties' Case Management Plan to provide for: (i) the completion of fact discovery a maximum of 90 days after the filing of the Case Management Plan and (ii) the completion of any expert discovery a maximum of 60 days after the end of fact discovery, unless the Court finds that the case presents unique complexities or other exceptional circumstances.

5. On or before the deadline for submitting the Case Management Plan, counsel are directed to file on the docket, on a without prejudice basis, a joint letter no longer than five pages describing the case, including the factual, jurisdictional, and legal basis for the claim(s) and defense(s). The letter shall also describe any contemplated motions and any other topics that a party wants to bring to the Court's attention.

6. The Magistrate Judge assigned to this case is Magistrate Judge Merkl. The letter described in the previous paragraph shall indicate whether the parties unanimously agree to Judge Gonzalez's referral of this case for a settlement conference before Magistrate Judge Merkl

or to the Eastern District of New York's Court-Annexed Mediation program. Information related to this mediation program is available on the Court's public website (https://www.nyed.uscourts.gov/mediation). If the parties agree to such a referral, their letter shall indicate approximately when they believe a settlement conference or mediation session should be held. If the parties do not unanimously agree to such a referral, their letter shall not identify which party or parties did or did not so agree.

7. Defendants' portion of the letter described in the previous paragraphs may not assert a general denial, boilerplate affirmative defenses, or a need for further investigation, but must engage with the issues in the case. Failure to comply with these instructions may result in the imposition of sanctions under Fed. R. Civ. P. 16(f).

8. Requests for adjournment of the deadline for submitting the Case Management Plan and joint letter will be considered only if made in writing and otherwise in accordance with Section I.D of Judge Gonzalez's Individual Practices.

9. ***Consent to Proceed Before Magistrate Judge.*** If all parties consent to conducting all further proceedings in this case, including motions and trial with or without a jury, before Magistrate Judge Merkl pursuant to 28 U.S.C. § 636(c), they shall execute and file by ECF the consent form (ECF No. 2) on the deadline specified above for filing the Case Management Plan. The parties may alternatively consent to conduct all further proceedings before a different Magistrate Judge, and a random Magistrate Judge will be selected according to the Eastern District of New York's Local Civil Rule 73.1(b). If the parties consent to conducting further proceedings before a Magistrate Judge, then the parties need not file a joint letter or a Case Management Plan unless directed to do so by the Magistrate Judge.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
**SHAMOLI KAPOOR**
[PLAINTIFF],

Plaintiff[s],

**CIVIL CASE MANAGEMENT PLAN**

**1:21**-cv-**01033** (HG)

-against-

[DEFENDANT],
**MICHAEL MATTHEWS JEWELERS OF KINGS PLAZA, LLC, OMAR JEWELERS, INC., MOHAMMAD BUTT, NAILA BUTT, LARAIB BUTT, ZUHA BUTT, SOLOMON MATTATOV, ARIF MAHMOD, ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities) and JOHN DOES 1-5 (fictitious names describing presently unidentified individuals), Jointly and severally)**

Defendant[s].
------------------------------------------------------------x

**HECTOR GONZALEZ**, United States District Judge:

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Federal Rules of Civil Procedure 16 and 26(f). The parties should not anticipate extensions of the deadlines specified in this order and shall not make a unilateral decision to stay or halt discovery on the basis of settlement negotiations, or for any other reason, in anticipation of an extension.

1. **Fact Discovery**

   a. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Eastern District of New York. All fact discovery is to be completed by **February 21, 2024**, which date shall not be adjourned except upon a showing of good cause and further order of the Court.

   b. The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto. Interim deadlines for

these discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can meet the discovery completion date.

c. For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

d. Any motion to amend pleadings or to join additional parties not allowed as of right pursuant to the Federal Rules of Civil Procedure must be raised through a pre-motion letter that complies with Section IV.A of the Court's Individual Practices by **Marh 21, 2023**.

2. **Expert Discovery**

a. The parties agree that there [is _**X**__ / is not _ ] a need for expert discovery.

b. All expert discovery is to be completed by **March 25, 2024**, which date shall not be adjourned except upon a showing of good cause and further order of the Court.

c. If the parties agree that there is no need for expert discovery, all discovery shall be completed by the deadline for fact discovery, unless – prior to that date – a party files a motion seeking an extension for purposes of taking expert discovery, which must comply with Section I.D of the Court's Individual Practices. Any such motion should explain why expert

discovery has become necessary and propose a schedule for such discovery.

3. **Post-Discovery Motions**

a. Ten business days after the completion of fact or expert discovery, whichever occurs later, the parties shall file pre-motion letters related to any proposed motions for summary judgment or motions to exclude the testimony of experts pursuant to Rules 702-705 of the Federal Rules of Evidence and the *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) line of cases.

b. Any such pre-motion letters shall comply with Section IV.A of this Court's Individual Practices, including the requirement that any such letters related to a motion for summary judgment contain the statement of material facts required by the Eastern District of New York's Local Civil Rule 56.1.

c. There shall be no cross-motions. Any motions not raised in a pre-motion letter by the deadline specified above will not be considered. The papers served and filed pursuant to any motions allowed by the Court shall comply with the requirements in Section IV.B of this Court's Individual Practices.

4. **Pre-Trial Submissions**

a. The case [is _**X**__ / is not __ to be tried to a jury.

b. The parties shall submit to the Court for its approval a Joint Pretrial Order containing the content described in Section VI.B of the Court's Individual

Practices either: (a) within 60 days after the completion of fact or expert discovery, whichever occurs later, or (b) if a post-discovery motion described in Paragraph 3 of this order has been filed, within 30 days after a decision on such motion.

c. The parties shall file any motions *in limine* 30 days in advance of trial in accordance with Section VI.C of the Court's Individual Practices.

d. The parties shall file any requests to charge, proposed verdict sheets, and proposed *voir dire* questions 10 business days in advance of trial in accordance with Section VI.C of the Court's Individual Practices.

5. This order may not be modified or the dates herein extended, except by further order of this Court requested in accordance with Section I.D of the Court's Individual Practices. Requests for extensions will ordinarily be denied if made after the expiration of the original deadline. Further, the use of any alternative dispute resolution mechanism does not stay or modify any date in this order. Indeed, unless the Court orders otherwise, parties engaged in settlement negotiations must proceed on parallel tracks, pursuing settlement and conducting discovery simultaneously. Parties should not assume that they will receive an extension of an existing deadline if settlement negotiations fail.

**SO ORDERED.**

____________________________________

HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York

_________ ___ , 20__

**ATTACHMENT A**

| DISCOVERY ACTIVITIES | COMPLETION DATE |
|---|---|
| **PRELIMINARY DISCOVERY MATTERS** | |
| [*If applicable*] Initial disclosures required by Fed. R. Civ. P. 26(a)(1) | [*Absent exceptional circumstances, a date not more than 14 days following the parties' filing of the Case Management Plan.*] |
| [*If applicable*] HIPAA-required medical records release authorizations | [*Absent exceptional circumstances, a date not more than 14 days following the parties' filing of the Case Management Plan.*] |
| [*If applicable*] N.Y. Crim. Proc. Law § 160.50 releases for arrest records | **Not applicable.** |
| [*If applicable*] Identification of John Doe/Jane Doe Defendants | **December 15, 2023** |
| [*If applicable*] Procedures for producing Electronically Stored Information (ESI) discussed | **Not applicable.** |
| [*If applicable*] Confidentiality order to be submitted for court approval | **March 24, 2023** |
| **SETTLEMENT PLAN** | |
| Plaintiff to make settlement demand by: | **The close of discovery or upon request.** |
| Defendants to make settlement offer by: | **Upon receipt of a settlement demand.** |
| Referral to EDNY mediation program pursuant to Local Rule 83.8? (If yes, enter date for mediation to be completed) | **Yes. To be completed by April 17, 2023** |
| Settlement conference (proposed date) | **March 4, 2024** |

| DISCOVERY DEADLINES | |
|---|---|
| Motion to join new parties or amend pleadings (cannot be adjourned except by Court order) | **March 29, 2023** |
| Service of requests for production and interrogatories | **December 15, 2024. The parties are requesting until April 5, 2023 for initial disclosures and to make initial demands.** |
| Response to requests for production and interrogatories | **January 15, 2024** |
| Service of requests for admissions | **December 15, 2024** |
| Response to requests for admissions | **January 15, 2024** |
| Service of contention interrogatories | **December 15, 2024** |
| Response to contention interrogatories | **January 15, 2024** |
| Completion of fact witness depositions | **January 15, 2024** |
| Completion of fact discovery (cannot be adjourned except by Court order) | [*Absent exceptional circumstances, a date not more than 90 days following the parties' filing of the Case Management Plan.*] |
| Completion of expert discovery, including production of reports and related documents and depositions (cannot be adjourned except by Court order) | [*Absent exceptional circumstances, a date not more than 60 days following the completion of fact discovery.*] |
| **CONSENT TO MAGISTRATE JUDGE JURISDICTION** | |
| Parties consent to conducting all further proceedings in this case, including motions and trial with or without a jury, before a Magistrate Judge pursuant to 28 U.S.C. § 636(c) | ☐ **X** Yes<br>☐ No |

| COLLECTIVE ACTION AND CLASS ACTION MOTIONS ONLY | |
|---|---|
| Motion for collective action certification in FLSA cases (specify deadlines for response and reply) | **Not applicable.** |
| Motion for Rule 23 class certification (specify deadlines for response and reply) | **Not applicable.** |

ATTACHMENT B

For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:

1. PLAINTIFF'S CLAIMS:[1]

Unpaid minimum wage
2016: $5,760
2017: $8,800
2018: $27,040
2019: 14,400
2020: $9,600
Total: $65,600

Unpaid overtime
2016: $18,576
2017: $1,650
2018: $20,280
2019: $1,080
2020: $10,800
Total: $52,386

Spread-of-hours pay
2016: $1,008
2017: -
2018: $4,732
2019: -
2020: $1,680
Total: $7,420

Statutory penalty for NY Labor Law § 195.1 violation: $5,000

Statutory penalty for NY Labor Law § 195.3 violation: $5,000

Human trafficking violations (calculated at $780 per day)
2009: $284,700
2010: $284,700
2011: $284,700
2012: $284,700
2013: $284,700
2014: $284,700

[1] Plaintiff submits these calculations without prejudice and hereby reserves the right to amend them.

2015: $284,700
2016: $87,360
2017: $109,200
2018: $283,920
2019: $131,040
2020: $87,360
Total: $2,407,080

Sexual assault
$300,000

The amounts above do not include interest, liquidated damages or attorneys' fees.