UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------x
SHAMOLI KAPOOR,
Plaintiff,

v.

MICHAEL MATTHEW'S JEWELERS LLC, OMAR JEWELERS INC., MOHAMMAD BUTT, NAILA BUTT, LAIRAB BUTT, ZUHA BUTT, SOLOMON MATTATOV, ARIF MAHMOD, ABC CORPORATIONS 1-5 (fictitious names describing presently Unidentified business entities), and JOHN DOES 1-5 (fictitious names describing presently unidentified individuals), Jointly and Severally,

Defendants.
-----------------------------------------------------x

Civil Action No. 1:22-cv-05027(HG)

ANSWER

DEFENDANTS, Mohammad Butt ("Defendant Mohammad"), Naila Butt ("Defendant Naila"), Laraib[1] Butt ("Defendant Laraib"), and Zuha Butt ("Defendant Zuha") (collectively "Defendants"), by their attorney, The Law Office of Bhavleen Sabharwal, P.C., answer the Amended Complaint of Plaintiff by stating as follows:

1. Deny the allegations contained in paragraph 1 of the complaint.

2. Deny the allegations contained in paragraphs 2, 3, 4, and 5 aver that the allegations contain legal conclusions which are for consideration of the Court.

3. Deny the allegations contained in paragraphs 6, 7, and 8.

4. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraphs 9, 10, 11.

5. Admits that Defendant Mohammad resides in New York and denies the remainder of the allegations in paragraph 12.

6. Admits that Defendant Naila resides in New York and denies the remainder of the allegations in paragraph 13.

7. Admits that Defendant Laraib resides in New York and denies the remainder of the allegations in paragraph 14.

[1] The Amended Complaint incorrectly spells Defendant Laraib's name as "Lairab").

8. Admits that Defendant Zuha resides in New York and denies the remainder of the allegations in paragraph 15.

9. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraphs 16, 17, 18, 19, 20, and 21.

10. Deny the allegations in paragraphs 22, 23 and 24.

11. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraphs 25, 26, 27, 28.

12. Admits the allegations in paragraph 29 of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraphs 30, 31, 32.

14. Deny paragraphs 33, 34, and 35 of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraphs 36.

16. Deny paragraphs 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, and 61 of the complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraphs 62 and 63.

18. Deny paragraphs 64, 65, 66, 67, and 68 of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraphs 69, 70, 71, 72, and 73.

20. Deny paragraphs 74, 75, 76, 77, and 78 of the complaint.

21. Denies the allegations in paragraphs 79, 80, 81, 82 and aver that the allegations contain legal conclusions which are for consideration of the Court.

## <u>FIRST CAUSE OF ACTION</u>

22. Repeats and reallege each and every portion of their answer to paragraphs numbered “1” through “83” of the complaint as if more fully set forth herein at length.

23. Deny the allegations in paragraphs 84 and 85 and aver that the allegations contain legal conclusions which are for consideration of the Court.

24. Deny the allegations in paragraphs 84.

25. Deny the allegations in paragraphs 85 and 86 and aver that the allegations contain legal conclusions which are for consideration of the Court.

26. Deny the allegations in paragraphs 87.

27. Deny the allegations in paragraphs 88 and 89 and aver that the allegations contain legal conclusions which are for consideration of the Court.

## SECOND CAUSE OF ACTION

28. Repeats and reallege each and every portion of their answer to paragraphs numbered "1" through "90" of the complaint as if more fully set forth herein at length.

29. Deny the allegations in paragraphs 91 and 92 and aver that the allegations contain legal conclusions which are for consideration of the Court.

30. Deny the allegations in paragraphs 93.

31. Deny the allegations in paragraphs 94, 95, 96 and aver that the allegations contain legal conclusions which are for consideration of the Court.

## THIRD CAUSE OF ACTION

32. Repeats and reallege each and every portion of their answer to paragraphs numbered "1" through "97" of the complaint as if more fully set forth herein at length.

33. Deny the allegations in paragraph 98 and aver that the allegations contain a legal conclusion which is for consideration of the Court.

34. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 99.

35. Deny the allegations in paragraphs 100, 101, 102, and 103 and aver that the allegations contain legal conclusions which is for consideration of the Court.

36. Deny the allegations in paragraphs 104, 105, and 106.

37. Deny the allegations in paragraph 107 and aver that the allegation contains a legal conclusion which is for consideration of the Court.

## FOURTH CAUSE OF ACTION

38. Repeats and reallege each and every portion of their answer to paragraphs numbered "1" through "108" of the complaint as if more fully set forth herein at length.

39. Deny the allegations in paragraph 109 and aver that the allegation contains a legal conclusion which is for consideration of the Court.

40. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 110.

41. Deny the allegations in paragraphs 111, 112, 113 and aver that the allegations contain legal conclusions which is for consideration of the Court.

**FIFTH CAUSE OF ACTION**

42. Repeats and reallege each and every portion of his answer to paragraphs numbered "1" through "114" of the complaint as if more fully set forth herein at length.

43. Deny the allegations in paragraphs 115 and aver that the allegation contains a legal conclusion which is for consideration of the Court.

44. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 116.

45. Deny the allegations in paragraph 117 and aver that the allegation contains a legal conclusion which is for consideration of the Court.

**SIXTH CAUSE OF ACTION**

46. Repeats and reallege each and every portion of their answer to paragraphs numbered "1" through "118" of the complaint as if more fully set forth herein at length.

47. Deny the allegations in paragraphs 119 and 120 and aver that the allegation contains legal conclusions which are for consideration of the Court.

**SEVENTH CAUSE OF ACTION**

48. Repeats and reallege each and every portion of their answer to paragraphs numbered "1" through "121" of the complaint as if more fully set forth herein at length.

49. Deny the allegations in paragraphs 122 and 123 and aver that the allegation contains a legal conclusion which are for consideration of the Court.

**EIGHTH CAUSE OF ACTION**

50. Repeats and reallege each and every portion of their answer to paragraphs numbered "1" through "124" of the complaint as if more fully set forth herein at length.

51. Deny the allegations in paragraphs 125 and 126 and aver that the allegation contains legal conclusions which are for consideration of the Court.

52. Deny the allegations in paragraphs 127, 128, 129, and 130.

53. Deny the allegations in paragraphs 131 and 132 and aver that the allegations contains legal

conclusions which are for consideration of the Court.

**NINTH CAUSE OF ACTION**

54. Repeats and reallege each and every portion of their answer to paragraphs numbered "1" through "133" of the complaint as if more fully set forth herein at length.

55. Deny the allegations in paragraphs 134, 135, and 136 and aver that the allegations contain legal conclusions which are for consideration of the Court.

56. Deny the allegations in paragraph 137.

**TENTH CAUSE OF ACTION**

57. Repeats and reallege each and every portion of his answer to paragraphs numbered "1" through "138" of the complaint as if more fully set forth herein at length.

58. Deny the allegations in paragraph 139.

59. Deny the allegations in paragraph 140 and aver that the allegations contain a legal conclusion which is for consideration of the Court.

**PRAYER FOR RELIEF**

60. Deny that Plaintiff is entitled to any relief requested in the "WHEREFORE" clauses of the complaint.

**DEMAND FOR JURY**

61. Deny Plaintiff's demand for a jury.

**GENERAL DENIAL**

62. Deny each and every allegation not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff, during the period of employment with Defendants, if any, was employed as a salaried exempt employee under the FLSA and New York State Labor Law. Section 13(a)(1) of the Fair Labor Standards Act as defined by Regulations ("FLSA"), 29 CFR Part 541.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff, during the period of employment with Defendants, if any, was employed as a salaried

"administrative" exempt employee under the FLSA and New York State Labor Law. Section 13(a)(1) of the Fair Labor Standards Act as defined by Regulations, 29 CFR Part 541.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff, during the period of employment with Defendants, if any, was employed as a salaried "professional" exempt employee under the FLSA and New York State Labor Law. Section 13(a)(1) of the Fair Labor Standards Act as defined by Regulations, 29 CFR Part 541.

**FOURTH AFFIRMATIVE DEFENSE**

The Court lacks personal jurisdiction over Defendants in this matter.

**FIFTH AFFIRMATIVE DEFENSE**

The Court lacks subject matter jurisdiction over Defendants in this matter.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims for liquidated damages are foreclosed by virtue of Defendants' good faith and reasonable belief that they were acting in accordance with the FLSA and applicable state laws and were not in violation of those laws.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff during the period of her employment with Defendants, if any, was employed as a salaried "learned professional" exempt employee under the FLSA and New York State Labor Law.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff is precluded from seeking overtime due to her failure to report requests for overtime during the period of employment.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff is barred by the applicable statute of limitations.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff, during the period of employment with Defendants, if any, was employed as a salaried "highly compensated" exempt employee under the FLSA and New York State Labor Law. Section 13(a)(1) of the Fair Labor Standards Act as defined by Regulations, 29 CFR Part 541.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendants did not act with intent, malice, or with reckless indifference to the rights of Plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants did not have actual or constructive knowledge of the purported conduct alleged in the Complaint. To the extent Defendants had knowledge of any such conduct, they took prompt and appropriate remedial measures.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Any recoverable damages, the existence of which is denied, are limited by the applicable statutory caps.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff is barred by the doctrine of unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiff lacks standing.

WHEREFORE, Defendants respectfully request judgement dismissing the claims, and denying all the relief requested herein, together with such other and further relief as this Court deems just, equitable, and proper.

Dated: New York, New York
March 14, 2023

Yours, etc.

______________________

Bhavleen Sabharwal
Law Office of Bhavleen Sabharwal, P.C.
Attorneys for Defendants
Mohammad Butt, Naila Butt, Laraib Butt and Zuha Butt
261 Madison Avenue, Suite 1004
New York, NY 10016
Tel: (917) 597-5984
Email: Bsabharwal@Bsablaw.com

Via ECF:

Douglas Brian Lipsky
Attorney for Plaintiff
Lipsky Lowe LLP
420 Lexington Avenue
Suite 1830
New York, NY 10170
212-392-4772
Email: doug@lipskylowe.com