LIPSKY LOWE LLP
AN EMPLOYMENT LAW FIRM

Douglas B. Lipsky

420 Lexington Avenue, Suite 1830
New York, New York 10170
Main: 212.392.4772
Direct: 212.444.1024
doug@lipskylowe.com

www.lipskylowe.com

May 11, 2023

VIA ECF
The Honorable Hector Gonzalez, U.S.D.J.
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Kapoor v. Michael Mathews Jewelers of Kings Plaza, LLC *et al.*, 1:22-cv-5027 (HG)

Dear Judge Gonzalez:

This firm represents the Plaintiff. We submit this letter in response to the Court's May 11, 2023 Order. (Doc. 54).

Preliminarily, Plaintiff is committed to the mediation process and, when better, wants to proceed with mediation. Today, she explicitly confirmed she will participate in the mediation on June 29, 2023 and is aware the Court may impose sanctions is she fails to do so.

On what led up to the cancellation of the May 10 mediation via Zoom with James Brown, Defendants' letter is, respectfully, incomplete. The following fills in the gaps:

- April 25: Plaintiff submits to Mr. Brown a nine-page *ex parte* mediation statement, demonstrating Plaintiff's commitment to the process.
- Thursday, May 4 at 2:29 p.m.: Plaintiff's counsel emails Defense counsel that Plaintiff is presently suffering from stomach and liver issues, causing her to regularly vomit, and, because of this, Plaintiff does not feel confident that she can meaningfully participate in the virtual mediation. Plaintiff, thus, requests to adjourn the mediation to June 29, a date Mr. Brown confirmed he is available.
- Friday, May 5: Defense counsel twice emails Plaintiff's counsel that Defendants will not consent to adjourn the May 9 mediation. Meaning, Defendants twice confirmed they want the mediation to proceed as scheduled on May 10, knowing Plaintiff is sick.
- Tuesday, May 9 at 9:44 a.m.: Plaintiff's counsel emails Mr. Brown that Plaintiff does not feel well enough to proceed with the mediation. In response, Mr. Brown states the parties should still convene Wednesday, May 10, for the mediation and discuss the issues at that time.

- Tuesday, May 9 at 1:20 p.m.: Plaintiff's counsel learns that Plaintiff is hospitalized.
- Tuesday, May 9 at 1:48 p.m.: Plaintiff's counsel emails Mr. Brown that Plaintiff is in the hospital and unable to proceed with the mediation, and provides a picture of Plaintiff laying in her hospital bed. Defense counsel was not copied on this email because mediation discussions, at that point, were going through Mr. Brown.
- Tuesday, May 9 at 4:30 p.m.: Mr. Brown emails all counsel that Plaintiff is hospitalized and unable to participate in the mediation. Mr. Brown then states he will adjourn the May 10 mediation if both sides agree.
- Tuesday, May 9 around 5:00 p.m.: Teleconference between counsel during which Defense counsel states she will confer with her clients on whether to adjourn the mediation.
- Tuesday, May 9 at 9:22 p.m.: Plaintiff's counsel emails Defense counsel inquiring whether Defendants will agree to adjourn the mediation to June 29 given that Plaintiff is hospitalized.
- Tuesday, May 9 at 9:24 p.m.: Defense counsel emails that Defendants will not agree to adjourn the mediation. Meaning, Defendants intend to move forward with the May 10 mediation, as originally scheduled, knowing Plaintiff is hospitalized.

These facts show that Plaintiff is committed to the mediation process. But for being sick and eventually hospitalized with typhoid fever,[1] vomiting, dehydration and motion sickness, she was ready to proceed yesterday. She is, to that end, willing to provide documentation substantiating her hospitalization.

These facts also show that Defendants should not be awarded any fees or costs because all of this could have been avoided if Defendants agreed to adjourn the mediation last Thursday when they were first advised of Plaintiff's health and when Plaintiff first requested the adjournment. But Defendants refused. Plaintiff's health condition then, unfortunately, got worse and she was hospitalized on Tuesday. Within 30 minutes of learning this, Plaintiff's counsel advised Mr. Brown. This is certainly an unfortunate series of events but nothing warranting sanctions.

---

[1] "Typhoid fever is a life-threatening infection caused by the bacterium Salmonella Typhi. It is usually spread through contaminated food or water. Once Salmonella Typhi bacteria are ingested, they multiply and spread into the bloodstream." https://www.who.int/news-room/fact-sheets/detail/typhoid#:~:text=Typhoid%20fever%20is%20a%20life,and%20spread%20into%20the%20bloodstream.

We appreciate the Court's time to this submission. We are available to answer any questions.

Respectfully submitted,
LIPSKY LOWE LLP

s/ Douglas B. Lipsky
Douglas B. Lipsky

CC: Counsel of Record (Via ECF)