RECEIVED
AUG 09 2023
PRO SE OFFICE

Sent via Certified Mail- Return Receipt Requested

Date: ______________

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 09 2023 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
FOR
THE EASTERN DISTRICT OF NEW YORK

PRO SE

SHAMOLI KAPOOR )

______________________________ )

Plaintiff(s) )

V. )

MICHAEL MATHEWS JEWELERS OF KINGS PLAZA, LLC, ) Civil Action No. 1:22-cv-05027-HG
**OMAR JEWELERS INC.** )
MOHAMMAD BUTT, )
NAILA BUTT
LARAIB BUTT )
ZUHA BUTT, SOLOMON MATTATOV, ARIF MAHMOD, ABC )
CORPORATIONS )
1-5 (FICTITIOUS NAMES DESCRIBING PRESENTLY UNIDENTIFIED )
BUSINESS ENTITIES) AND )
JOHN DOES 1-5 (fictitious names describing presently unidentified )
individuals, jointly and severally )

NOW COMES, the Defendant Arif Mahmood, owner of Omar Jewelers Inc, 2048 Victory Blvd, Staten Island, New York 10314 by himself as Pro se in response stated as follows:

---

DEFENDANTS' OMAR JEWELERS INC'S ANSWER AND AFFIRMATIVE DEFENSES

---

Defendant Omar Jewelers Inc file this Answer to Plaintiff's Original Petition and Request for Disclosure (hereinafter referred to as "Complaint").

DEFENDANTS ORIGINAL ANSWER

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants respond to the allegations in each corresponding paragraph of the Complaint as follows:

I.

Defendants' deny the allegations contained within the Summery of the Complaint.

II.

JURISDICTION AND VENUE

1. Defendant Omar Jewelers Inc. admits that this Court has original jurisdiction to hear this Complaint under the Fail Labor Stands Act. 29 (U.S.C. 201 et. Seq. and that venue is proper in this Court.

III.

PARTIES

2. Defendant deny all the allegations of the complaint.
3. Defendant Arif Mahmood "Deny para 1 of the complaint.
4. Defendant Arif Mahmood Deny para 2
5. Defendant deny the paragraph 3 and stated that the plaintiff never worked within the premises of Defendant Arif Mahmood, Omar Jewelers Inc. .
6. Defendant Arif Mahmood deny the paragraph 4 of the complaint
7. Defendant deny the paragraph 5 and has no knowledge of the complaint.
8. Admit Para 7
9. Admit para 8
10. Deny para 9 and no knowledge even the defendant does not know the plaintiff
11. Defendant has no knowledge of the para 10

12. Defendant Arif Mahmood has no knowledge of the para 11
13. Defendant Arif Mahmood has no knowledge of the 12
14. Defendant Arif Mahmood has no knowledge of the para 13
15. Defendant Arf Mahmood has no knowledge of the para 14
16. Defendant has no knowledge of the para 15
17. Defendant Arif Mahmood has no knowledge of the para 16
18. Defendant Arif Mahmood admit para 17, business in 73 11 37th Road, Jackson Heights, NY 11372
19. Defendant Arif Mahmood deny the paragraph 18
20. Defendant Arif Mahmood deny the paragraph 19
21. Defendant Arif Mahmood has no knowledge of the paragraph 20
22. Defendant Arif Mahmood has no knowledge of the paragraph 21
23. Defendant Arif Mahmood has no knowledge of the paragraph 22
24. Defendant has no knowledge of the paragraph 23
25. Defendant has no knowledge of the paragraph 24
26. Defendant has no knowledge of the paragraph 25
27. Defendant has no knowledge of the paragraph 26
28. Defendant has no knowledge of the paragraph 27
29. Defendant has no knowledge of the paragraph 28
30. Defendant has no knowledge of the paragraph 29
31. Defendant has no knowledge of the paragraph 30
32. Defendant has no knowledge of the paragraph 31
33. Defendant Arif Mahmood of Omar Jewelers Inc deny the paragraph 32
34. Defendant has no knowledge of the paragraph 33
35. Defendant has no knowledge of the paragraph 34
36. Defendant has no knowledge of the paragraph 35
37. Defendant has no knowledge of the paragraph 36
38. Defendant has no knowledge of the paragraph 37
39. Defendant Arif Mahmood of Omar Jewelers deny the paragraph 38
40. Defendant has no knowledge of the paragraph 39
41. Defendant has no knowledge of the paragraph 40

42. Defendant has no knowledge of the paragraph 41
43. Defendant has no knowledge of the paragraph 42
44. Defendant has no knowledge of the paragraph 43
45. Defendant has no knowledge of the paragraph 44
46. Defendant has no knowledge of the paragraph 45
47. Defendant has no knowledge of the paragraph 46
48. Defendant has no knowledge of the paragraph 47
49. Defendant has no knowledge of the paragraph 48
50. Defendant has no knowledge of the paragraph 49
51. Defendant deny the paragraph 50
52. Defendant deny the paragraph 51
53. Defendant deny the paragraph 52
54. Defendant has no knowledge of the paragraph 53
55. Defendant Deny the paragraph 54
56. Defendant has no knowledge of the paragraph 55
57. Defendant has no knowledge of the paragraph 56
58. Defendant has no knowledge of the paragraph 57
59. Defendant has no knowledge of the paragraph 58
60. Defendant has no knowledge of the paragraph 59
61. Defendant has no knowledge of the paragraph 60
62. Defendant has no knowledge of the paragraph 61
63. Defendant has no knowledge of the paragraph 62
64. Defendant Deny the paragraph 63
65. Defendant Deny the paragraph 64
66. Defendant has no knowledge of the paragraph 65
67. Defendant has no knowledge of the paragraph 66
68. Defendant has no knowledge of the paragraph 67
69. Defendant deny the paragraph 68
70. Defendant deny the paragraph 69
71. Defendant Deny the paragraph 70
72. Defendant Deny the paragraph 71

73. Defendant Deny the paragraph 72
74. Defendant deny the paragraph 73
75. Defendant Deny the paragraph 74
76. Defendant has no knowledge of the paragraph 75
77. Defendant Deny paragraph 76
78. Defendant Deny paragraph 77
79. Defendant Deny the paragraph 78
80. Defendant Deny the paragraph 79
81. Defendant Deny the paragraph 80
82. Defendant deny the paragraph 81
83. Defendant Deny the paragraph 82
84. Defendant Deny the paragraph 83
85. Defendant deny the paragraph 84
86. Defendant Deny the paragraph 85
87. Defendant Deny the paragraph 86
88. Defendant Deny the paragraph 87
89. Defendant Deny the paragraph 88
90. Defendant Deny the paragraph 89
91. Defendant Deny the paragraph 90
92. Defendant Deny the paragraph 91
93. Defendant Deny the paragraph 92
94. Defendant Deny the paragraph 93
95. Defendant Deny the paragraph 94
96. Defendant Deny the paragraph 95
97. Defendant Deny the paragraph 96
98. Defendant Deny the paragraph 97
99. Defendant Deny the paragraph 98
100. Defendant Deny the paragraph 99
101. Defendant Deny the paragraph100
102. Defendant Deny the paragraph 101
103. Defendant Deny the paragraph 102

104. Defendant Deny the paragraph 103
105. Defendant Deny the paragraph 104
106. Defendant Deny the paragraph 105
107. Defendant Deny the paragraph 106
108. Defendant Deny the paragraph 107
109. Defendant Deny the paragraph 108
110. Defendant Deny the paragraph 108
111. Defendant Deny the paragraph 109
112. Defendant Deny the paragraph 110
113. Defendant Deny the paragraph 111
114. Defendant Deny the paragraph 112
115. Defendant Deny the paragraph 113
116. Defendant Deny the paragraph 114
117. Defendant Deny the paragraph 115
118. Defendant Deny the paragraph 116
119. Defendant Deny the paragraph 117
120. Defendant Deny the paragraph118
121. Defendant Deny the paragraph 119
122. Defendant Deny the paragraph 120
123. Defendant Deny the paragraph121
124. Defendant Deny the paragraph 122
125. Defendant Deny the paragraph 123
126. Defendant Deny the paragraph 124
127. Defendant Deny the paragraph 125
128. Defendant Deny the paragraph 126
129. Defendant Deny the paragraph 127
130. Defendant Deny the paragraph 127
131. Defendant Deny the paragraph 128
132. Defendant Deny the paragraph 129
133. Defendant Deny the paragraph 130
134. Defendant Deny the paragraph 131

135. Defendant Deny the paragraph 132
136. Defendant Deny the paragraph 133
137. Defendant Deny the paragraph 134
138. Defendant Deny the paragraph 135
139. Defendant Deny the paragraph 136
140. Defendant Deny the paragraph 137
141. Defendant Deny the paragraph 138
142. Defendant Deny the paragraph 139
143. Defendant Deny the paragraph 140

IV

FACTUAL ALLEGATIONS

144. Defendant deny all the allegations. Plaintiff claimed and file sue against Defendant Arif Mahmood, Omar Jewelers Inc. absolutely false. It is noted that the plaintiff never worked under Defendant's Arif Mahmood premises.

JURDY DEMAND

145. Defendant requests no need for any Jury Demand by the plaintiff

VI

**First Affirmative Defense**

146. The Complaint fails to state a claim upon which relief may be granted.

**Second Affirmative Defense**

147. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

**Third Affirmative Defense**

148. Defendants invoke the defenses, protections and limitations of the Fair Labor Standards Act, 29 U.S.C. et Sec. ("FLASA").

**Fourth Affirmative Defense**

149. At all times, Defendants acted in good faith and had reasonable grounds for believing their actions were in compliance with the FLSA.

**Fifth Affirmative Defense**

150. Defendant Arif Mahmood, Omar Jewelers Inc. did not know or show reckless disregard for whether her conduct was prohibited by the FLSA.

**Sixth Affirmative Defense**

151. This action is barred to the extent Plaintiff seeks recover for time that is in compensable time. i.e plaintiff never worked in defendants Arif Mahmood, Omar Jewelers Inc locations.

**Seventh Affirmative Defense**

152. In the alternative. Defendants are entitled to offset monies or other consideration paid or provided to plaintiff by Defendants Arif Mahmood, Omar Jewelers Inc for periods in which plaintiff was not engaged to work.

**Eight Affirmative Defense**

153. To the extent that Plaintiff may seek punitive damages, plaintiff's recovery is limited by the applicable provision of the FLSA and New York and or United States Constitutions.

Any award of punitive damages to the plaintiff in this case would be in violation of the FLSA and the constitutional safeguards provide to Defendants under the Constitution of the United States and/or the laws of the State of New York. Also the Plaintiff never worked within the premises of Defendant and Plaintiff claims is absolutely false.

**Ninth Affirmative Defense**

154. Plaintiff is not entitled to punitive/liquidated damages as Defendant did not act or fail to act in a manner sufficient to give rise to punitive/liquidated damages liability.

**Tenth Affirmative Defense**

155. Plaintiff's action is barred because she seeks to recover for time that is de minimus work time and thus not compensable under the FLSA. Moreover, Plaintiff's claim is false because she never worked at the same premises.

**Eleventh Affirmative Defense**

156. To the extent Plaintiff seeks damages not recoverable under the FLSA, Plaintiff is barred from such recovery. Plaintiff never worked on this premises.

**Twelfth Affirmative Defense**

157. Without assuming the burden of proof, the Plaintiffs claimed false.

Thirteenth Affirmative Degense

158. Without assuming the burden of proof, defendant Arif Mahmood complied with all record-keeping requirements of the FLSA. But the same plaintiff never worked within this premises.

**Fourteenth Affirmative Defense**

159. The Plaintiff's claims are baseless and the plaintiff failed to submit any record.

**Fifteenth Affirmative Defense**

160 The alleged time for which plaintiffs seek compensation is irregular as well as practically and administratively the defendant Arif Mahmood Omar Jewelers Inc is confirmed that the plaintiff was not working within this premises.

**Sixteenth Affirmative Defense**

160. Without assuming the burden of proof, plaintiffs and members of the purported class or collective action are not similarly situated. The potential claims of the purported class members reflect variability.

**Seventeenth Affirmative Defense**

161. Plaintiff's have failed to mitigate her alleged damages

**Eighteenth Affirmative Defense**

162. Plaintiff's claims are barred by the doctrines of waiver, estopped and/or laches.

**Nineteenth Affirmative Defense**

163. Some or all of plaintiffs' claims are barred by accord and satisfaction, settlement and/or payment release

**Twentieth Affirmative Defense**

164. Plaitniff has failed to exhaust administrative remedies

**Twenty first affirmative Defense**

165. Defendants actions were in good faith conformity with and/or reliance on administrative regulation, order, ruling, approval, interpretation, or practice of the Department of Labor.

**Twenty-Second Affirmative Defense**

166. Defendants reserve the right to assert further affirmative defenses as they become evident through discover investigation.

**Twenty-Third Affirmative Defense**

167. All actions taken by Defendants with respect to Plaintiff were supported by legitimate business reasons.

**PRAYER**

Wherefore, premises considered, Defendant Arif Mahmood of Omar Jewelers Inc, pray that his answer be deemed good and sufficient and all claims by Plaintiff against Defendant Arif Mahmood, Omar Jewelers Inc. be dismissed, with prejudice.

Respectfully submitted,

______________________________

Arif Mahmood
Omar Jewelers Inc.
Pro se
c/o Sabrina Mahmood
2048 Victory Blvd
Staten Island, NY 10314

**CERTIFICATE OF SERVICE**

The undersigned does hereby certify that a true and correct copy of this Defendants Certificate of Interested Persons was duly served upon DouglasB Lipsky, Esq. 420 Lexington Avenue, New York, NY 10170-1830 via Certified Mail, this ____ August, 2023.

Arif Mahmood
Omar Jewelers Inc

Arif Mahmood
79 Comstock Ave
Staten Island, NY 10314

CERTIFIED

RDC 99

7022 0410 0002 2315 5918

11201

$4.83

R2305M146110-06

USA ★ FOREVER

USMS

U.S District Court
Eastern District of New York
225 Cadman Plaza E
Brooklyn, NY 11201