

| | | |
|---|---|---|
| Joshua Lax<br>Partner, Civil Rights Litigation<br>Jlax@liakaslaw.com<br>P: (212) 937-7765<br>F: (877) 380-9432 | | Liakaslaw.com<br>40 Wall Street<br>50th Floor<br>New York, NY 10005<br><br>New Jersey Office<br>576 Main Street<br>Suite C<br>Chatham, NJ 07928 |

July 19, 2024

**VIA ECF**
Honorable Taryn A. Merkl
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    **RE:** **Kapoor v. Michael Matthews Jewelers of Kings Plaza, LLC, et. al.,**
       **22 CV 5027 (HG)(TAM)**

Your Honor,

  I write jointly with counsel for Defendants, Bhavleen Sabharwal, Esq., pursuant to the Court's Individual Rules and Practices 3(A), to respectfully request an informal conference regarding deficiencies in Defendants' productions to occur during the July 9, 2024, telephone conference with the Court regarding settlement.[1]

**PLAINTIFF'S POSITION**

  I. Facts Relevant in the Current Dispute

  Plaintiff Shamoli Kapoor brings this action for a variety of state and federal claims for the years she was trafficked, enslaved, abused, and victimized by Defendants. Defendant Mohammed Butt was and is the operator or owner of various jewelry stores and pawn shops around the New York City area. Starting in 2009, Butt employed Ms. Kapoor in his various jewelry businesses for various tasks. In exchange for working for him, Butt promised to sponsor and pay for Ms. Kapoor, her brother in the United States, and her family in India, to receive green cards. As a result, Ms. Kapoor was either forced to return any wages to Butt or received no wages at all. Butt maintained this charade in part by claiming that his business partners took Ms. Kapoor's earnings and that she needed to keep working. Next, Butt mislead Ms. Kapoor into believing that he would involve her more and more as an investor and manager in his businesses, which resulted in Ms. Kapoor giving Butt large amounts of

---

[1] Plaintiff believes Defendants are deficient in many of their responses and productions, but Plaintiff believes the discovery sought herein in should be addressed now to aid settlement while also advancing the case.

1

money under the belief she was making business investments. At some point in 2012 or 2013, Butt took compromising photographs of Ms. Kapoor for blackmail. Butt and his wife (Defendant Naila Butt) took Ms. Kapoor's passport

Defendants took money from Ms. Kapoor's accounts, stole jewelry from her safe deposit box, and used credit cards in Ms. Kapoor's name. Ms. Kapoor was forced to perform tasks in Defendants' home, including massaging Naila Butt's feet and legs daily, housekeeping work, applying henna to the Butt daughters, and other tasks that Defendants would otherwise have had to pay someone to do. Butt, who has claimed no income since 2014, transferred the money he obtained through the course of trafficking Ms. Kapoor to members of his family, most likely his wife, Defendant Naila Butt. Thus, Defendants' trafficking scheme was based on the use of both blackmail and gaining control over Ms. Kapoor's finances.

## II. Background to the Current Dispute

Following the undersigned's appearance, Plaintiff reviewed Defendants' responses to Plaintiff's first interrogatories and document requests, and their productions. On February 7, 2024, Plaintiff sent her Second Set of Interrogatories and Requests for the Production of Documents ("Plaintiff's Second Set") (annexed hereto as Exhibit A). and a deficiency letter raising the apparent lack of Initial Disclosures pursuant to Fed. R. Civ. P. 26(a) and deficiencies in Defendants' prior responses. Defendants did not respond to Plaintiff's Second Set until April 5, 2024, based on Defendant Butt's purported health issues. (*See* Excerpts from Defendants' Responses, annexed hereto as Exhibit B). As discussed below, the lack of Rule 26 disclosures over-lap with the deficiencies in Defendants' productions.

On Thursday, April 18, 2024, the parties appeared for a Pre-settlement Telephone conference with the Court. During the conference, the status of discovery was discussed, and in particular, discovery regarding Defendants' financial records.

Over the next several weeks, the parties had several exchanges regarding this discovery. They met and conferred by telephone on Tuesday, April 23, 2024. At that time, Plaintiff described the discovery needed in advance of the settlement conference. Defendants made no representations about what they could or would produce but agreed to follow- up. Because the deadline to submit pre-conference statements was fast approaching, Plaintiff followed up by email on April 25, 2024, to find out Defendants' position regarding the discovery items discussed two days earlier. Defendants requested that Plaintiff restate the list of outstanding discovery items described just two days earlier. The next day, Plaintiff's counsel responded by reiterating that Plaintiff is seeking document regarding defendants' finances, documents and communications that support Defendants' position that Ms. Kapoor was fabricating the allegations in this matter over business deals, including about the supposed business deals themselves, and documents and communications that show the nature of Plaintiff's relationship with Defendants. Further, Plaintiff sought information on how Defendants conducted their searches for documents, as the existence or non-existence of evidence might be at issue. Similarly, Defendants asserted that Plaintiff stole their business records. Plaintiff asked for evidence that would explain how Ms. Kapoor could accomplish this in light of Defendants' contentions about their connections with Ms. Kapoor, and to identify specific documents responsive to Plaintiff's requests that are in her possession. Lastly, during the April 13, 2024, conferral, Defendants referenced a marriage that would contradict Ms. Kapoor's claims that Defendants used her immigration status to gain power over her. Defendants promised to provide the person's name. Defendants were also asked to provide all documents and communications that would support this contention.

2

Plaintiff had no response from Defendants, and again followed-up on April 30, 2024, regarding the items discussed both by telephone and email. Defense counsel responded by advising that she might be withdrawing from this case. Next, the parties sought an adjournment of the settlement conference and the related deadline for pre-conference statements to allow them to continue to work on the discovery issues assuming defense counsel remained. Plaintiff continued to follow-up with defense counsel about whether she was withdrawing from this matter in e-mails on May 8, 2024, May 10, 2024, and May 13, 2024. On May 13, 2024, almost two weeks later, defense counsel confirmed she would not seek to withdraw. On May 14, 2024, defense counsel promised to provide a response regarding discovery by the end of the day. No response came, and on May 16, 2024, Plaintiff provided Defendants a version of this joint letter motion.

Defendants responded that day by providing what they described as "tax returns." These documents were copies of IRS documents purporting to show that Butt has not filed income taxes since 2014. The records fail to reference any other Defendant. In response, Plaintiff pointed out that the production fell far short of what was outstanding. In turn, Defendants promised to respond to the "deficiency letter" by the following Monday. When Plaintiff pointed out the "deficiency letter" was actually a joint motion for a discovery conference, Defendants stated that their responded would moot the need for that motion. Instead of following through on that promise, on May 21, 2024, Defendants provided a response to the February 7, 2024, deficiency letter (now obsolete) along with a document of dubious relevance. This necessitated another meet and confer, wherein Defendants promised to advised Plaintiff regarding their position on each item raised therein. On May 23, 2024, Defendants provided revised responses to Plaintiff's second set of discovery demands, although these were untimely and an attempt to interpose objections that had been waived. Defendants also failed to provide executed releases for IRS records that were requested with Plaintiff's Second Set and for which no objection was made. Defendants are refusing to provide any discovery related to the Butts' daughters, who are also defendants here.

In addition, Defendants produced additional documents on March 31, 2024. These documents should have been included in Defendants' initial disclosures. They included a letter purporting to describe a history of Ms, Kapoor using underhanded and criminal tactics to subvert Mr. Butt's will and take all of his assets. He further claims Ms. Kapoor was able to do so. Butts letter also referenced video footage and computerized records that would prove his story, though Defendants previously denied possessing any such material in their discovery responses. In addition, Defendants produced shoddy looking photocopies of checks Ms. Kapoor wrote Butt that were postdated for 2018 and 2023, for amounts in both the hundreds of thousands and millions of dollars. On June 3, 2024, Plaintiff sent Defendants a letter regarding this production, noting the inconsistencies between representations made by Butt and their discovery responses, requesting all documents that support Butt's tale which were responsive to Plaintiff's Second Set, and an opportunity to inspect the originals of the photocopied checks. Defendants promised to respond but have so far failed to do so.

III. Current Dispute Requiring an Informal Conference

As described above, for months Plaintiff has sought discovery that would either allow this matter to be resolved or bring it to some final adjudication. Through a mix of delays, non-answers, meritless objections, and improper responses. The discovery at issue in this motion is targeted at items that Plaintiff believe would assist the parties and the Court in evaluating the viability of the claims and defenses in this matter: financial records and other materials related to defendants, and the documents and other items that would support Butt's outlandish claim that was in fact Ms.

Kapoor that was taking advantage of him.

     First, Defendants' disclosures under Fed. R. Civ. P. 26(a)(1)(A)(i)-(ii) are deficient. Under this rule, Defendants are obligated to provide witness information and either a copy of or the location of any document or other item they may use to support their defenses in this case. Here, Defendants claim Ms. Kapoor used various nefarious and/or criminal tactics to subvert and control Butt. Whatever their story, Defendants have refused to produce any discovery supporting these contentions. For example, Defendants have provided no discovery regarding the transaction that supposedly form the basis of their defense,[2] nor have they provided the supposed supporting documents Butt claims to have. Further, they have produced no other discovery that suggests any other motive for Ms. Kapoor to fabricate the claims in this case.

     Second, Plaintiff seeks information and documents regarding Defendants' finances from the start of the trafficking of Ms. Kapoor. Plaintiff's Second Set sought this information and materials through a number of requests: Interrogatory Number 3 (identification of Defendants' financial accounts and assets), and Document Request Numbers 4 (financial and banking documents), 28 (funds used to purchase a home for the Butt's son), 36 (income tax returns), 45 (request for Defendants to execute a release for IRS records). Defendants failed to respond to Interrogatory Number 3 or Document Request Number 45 at all, and therefore, they waived their objections and should be ordered to serve this discovery without limitation immediately. On the issue of objections, Defendants interposed general and impermissible objections lacking the specificity required under Fed. R. Civ. P. 33(b)(4) and 34(b)(2)(C). Indeed, Defendants appeared to have copied and pasted the same objection over and over again. To the extent Defendants properly interposed relevance objections, these objections should be overruled. This discovery is relevant as evidence of trafficking by helping to establish the way Defendants used financial leverage and entanglement against Ms. Kapoor. This discovery would also corroborate specific instances in which Defendants took money and property from Ms. Kapoor as part of their trafficking and abuse. Defendants' assets over the relevant period would also show the benefit they received from trafficking Ms. Kapoor, which is evidence of their motivation. Lastly, this discovery is relevant to Defendants ability to pay a settlement or judgment, and the amount of punitive damages a jury might assess against them. For these reasons, Plaintiff respectfully requests that the Court order Defendants to produce this discovery.

     Second, Plaintiff's Second Set contained numerous document requests seeking materials that 1) would reveal the nature of the relationship between Plaintiff and Defendants, 2) would corroborate or undermine Plaintiff's account in this matter; and 3) would corroborate or undermine Defendants' account in this matter. Specifically, Document Request Numbers 9 (communications and correspondence between Plaintiff and Defendants), 10 (Defendant's communications about Plaintiff), 11 (communications addressed to Defendants with Plaintiff's address), 12 (documents reflecting Plaintiffs address as Defendant), 13 (telephone records showing communications between Plaintiff and Defendants), 14 (photographs and other audio-visual materials depicting Plaintiff), 15 (security camera footage from Defendants' residences), 16 (security camera footage from Defendants' businesses), 20 (documents and records reflecting purchases by Plaintiff of goods or jewelry), 24 (documents related to business agreements or contracts involving Plaintiff),

---

[2] In the State Court matters, Butt produced no discovery, and claims his signature was forged on the agreements at issue in the cases.

25 (communications about such business agreements or contracts), 26 (documents and communications regarding any business ventures between Plaintiffs and Defendants), and 27 (communications about any such business ventures). This case focuses on the relationship between the parties and their interactions for more than a decade and is contested on every level.  Thus, this discovery is relevant to both the claims and defenses in this matter.

Lastly, Defendants contend that they have almost none of the discovery sought by Plaintiff. Based on Defendants' approach to discovery thus far, Plaintiff has little confidence that Defendants undertook any meaningful search for the requested items. If Defendants are asserting that the requested discovery is not in their possession, they should explain the steps taken to make that determination. Moreover, to the extent these materials would fall under Rule 26(a), they have failed to identify the location of the discovery they would rely upon.

Based on the foregoing, Plaintiff respectfully requests an informal conference to resolve these issues.

I **DEFENDANTS' POSITION**

Defendants respectfully disagree with Plaintiff's allegations that Defendants have been negligently or willfully withholding discoverable material during this litigation. Upon receipt of Plaintiff's proposed joint discovery letter to the Court dated May 16, 2024, Defendants provided updated Specific Responses and Objections to each of the enumerated items referenced in Plaintiff's correspondence in a detailed fourteen-page response dated May 23, 2024. Specifically, the items referenced in the section of this correspondence entitled "Plaintiff's Position" which Plaintiff claims are outstanding (Requests 9, 10, 11, 13, 14, 15, 16, 20, 24, 25, 26, 27) were addressed in the May 23 correspondence served by Defendants. With the exception of requests 9 and 27, for which Defendants responded that they would continue a search for the documents requested, Defendants responded that they are not in possession of the documents being sought by Plaintiff. Request 10 was objected to as the request sought "All communications between Defendants and Plaintiff". Defendants cannot provide documents they are not in possession of and considering the fact that the claims arose in 2012, it is unreasonable to expect Defendants to have the documentation Plaintiff seeks. *See* Complaint ¶52 where Plaintiff alleges in "2012/2013" her passport was confiscated. It is alleged that Interrogatory 3 was not responded to. The Interrogatory was responded to as part of Defendants' supplemental Responses and Objections dated April 5, 2024 with the following response:

**Interrogatory 3:** Identify all businesses in which each Defendant has held a management, directorial, officer, or supervisory role or position, or held the authority to hire and fire employees, from January 1, 2009, to present.
**Response:** Defendant Mohammad Butt maintains that Plaintiff stole documentation belonging to Defendant Mohammad Butt that contains information responsive to this request. A police report was filed against Plaintiff on November 20, 2017 which was around the time the theft occurred.
1. Michael Matthews Jewelers of GSP LLC 2. Michael Matthews Jewelers of KPM LTD

Document request 45 was inadvertently not responded to as Defendants' responses and objections to the discovery demands concluded at request 44. Defendants maintain that the failure to initially respond does not have the effect of waiving any specific responses or objections to the request that Defendants may have as Plaintiff contends. The duty to supplement and, therefore, the duty to respond

to outstanding discovery is ongoing, and therefore, Defendants will respond to request 45 within one business day.

**II     Nature of the Allegations and Irrelevance of Financial Documents**

Regarding requests for financial documents which include tax returns and banking statements requested by Plaintiff, Defendants maintain, as was communicated to Plaintiff in the May 23, 2024 correspondence, that Plaintiff is not entitled to the financial records as there has been no final judgement in this matter. Discovery of the "net worth of defendant," it is not discoverable except in "extraordinary circumstances." *Moye v. Mount Sinai Hosp.*, No. 2022-05611, 2023 WL 3633379 (N.Y. Sup. May 25, 2023). Even in cases in which the plaintiff seeks punitive damages, discovery of defendant's net worth or other financial information" should await a special verdict on the question of liability." *Id*. "Absent extraordinary circumstances, asset discovery . . . is only permitted if it is relevant to the merits of a claim." *Equinox Gallery Ltd v. Dorfman*, No. 17 Civ. 230 (GBD), 2018 WL 637764, at *1 (S.D.N.Y. Jan. 22, 2018). "[T]his Court finds that Plaintiff has not demonstrated good cause for the 'extraordinary remedy' of pre-judgment discovery regarding the nature and current location of Defendants' assets. *Id*. at *3.

Notwithstanding the above, tax returns for Defendant Laraib for 2023 were exchanged on July 5, 2024. In the same email correspondence containing the tax returns, it was indicated that Defendant Zuha would not be producing tax returns as she filed them jointly with her husband and the production of those tax returns would violate the privacy and confidentiality of her spouse. To the extent there was intermingling of assets or monies as Plaintiff alleges, this would be shown through Plaintiff's tax returns or bank statements. Plaintiff's tax returns were requested by Defendants and the tax returns have *not* been provided. It is Plaintiff's burden to prove that Defendants were transferring monies to Defendants as she alleges, and as such, disclosure of Plaintiff's bank statements or any other evidence proving her allegations should be exchanged as part of her Rule 26 disclosures, but Plaintiff has failed to make the disclosures and instead relies on Defendants to prove her allegations.

Regarding Plaintiff's allegation that Defendants failed to produce documents in their possession, Defendants deny the assertions as they have undertaken searches for *each* of the requests made for responses to the two productions made by Plaintiff and Defendants have also supplemented their productions with *four* supplemental productions that followed the discovery exchanged. Plaintiff has not demonstrated that Defendants have disregarded their discovery obligations, and as such, Defendants should not be required to undertake additional measures to show their compliance.

**III    The allegations in the Amended Complaint do not support the disclosure of financial documents.**

The core allegations in the complaint focus on alleged personal mistreatment, forced labor, and direct labor law violations, rather than complex financial crimes or fraud that would necessitate a thorough examination of the Defendants' financial documents. Specifically, the complaint primarily alleges that the Plaintiff worked as a general employee and domestic worker under exploitative conditions (Par. 1). (*See* Amended Complaint, at Docket Entry No. 32). The alleged duties performed by the Plaintiff were primarily personal and manual in nature, such as cleaning, running errands, and providing massages (Para's. 33-35). These allegations do not inherently relate to the Defendants' financial operations.

The human trafficking claim centers on the confiscation of the Plaintiff's passport[3] (Par. 52) and coercive tactics such as promises of immigration sponsorship (Par. 55). These claims focus on actions of control and coercion, not financial transactions requiring scrutiny of the Defendants' financial records. Labor law violations are alleged in terms of extensive unpaid work hours (Para's 64-65). The focus here is on the alleged failure to compensate for labor provided, not on the Defendants' overall financial status or detailed financial dealings. While there are allegations of unauthorized use of the plaintiff's credit cards (Paragraph 56), this is primarily an issue of personal financial abuse that can be demonstrated through the Plaintiff's own financial records, rather than necessitating an extensive review of the Defendants' financial documents. The complaint includes allegations of physical and sexual abuse (Para's 57 and 139), which highlight personal misconduct but again do not connect to a need for detailed financial information from the defendants.

Given the nature of these allegations, the demand for extensive financial information from the Defendants appears both unrelated to the core issues of the case and disproportionate to the needs of the litigation as presented in the complaint. The financial condition of the Defendants or their detailed financial records do not bear directly on the alleged personal mistreatment, forced labor, or direct labor law violations that form the basis of this case.

Lastly, it is irrelevant and a moot point that I communicated a *potential* withdrawal to Plaintiff's counsel at one point as I have responded to all of Plaintiff's discovery demands and to the deficiency correspondence within a timely manner. Defendants have also served Plaintiff with correspondence dated July 1, 2024, with items requested by Defendants that remain outstanding. Defendants reserve the right to seek judicial intervention if the outstanding items are not addressed in a timely manner.

**Status of Discovery**

The parties anticipate being able to take depositions after the outstanding discovery disputes referenced above that are currently before the Court are resolved, and any additional discovery is exchanged.

The parties appreciate the Court's time and attention to this matter.

Respectfully submitted,

/s/

Joshua J. Lax, Esq.

---

[3] The settlement conference with the Court was the first time Plaintiff raised allegations about coercive tactics relating to alleged nude photographs taken by Defendant Mohammad of Plaintiff which Defendant Mohammad vehemently denies doing.