# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

SHAMOLI KAPOOR,

                              Plaintiff,

            -against-

MICHAEL MATTHEWS JEWELERS OF KINGS PLAZA, LLC, OMAR JEWELERS INC., MOHAMMAD BUTT, NAILA BUTT, LARAIB BUTT, ZUHA BUTT, SOLOMON MATTATOV, ARIF MAHMOD, ABC CORPORATIONS 1-5 (fictitious names describing presently unidentified business entities), and JOHN DOES 1-5 (fictitious names describing presently unidentified individuals), Jointly and Severally,

                              Defendants.

------------------------------------------------------------------ x

**PLAINTIFFS' SECOND SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFFS**

22 CV 5207 (HG) (TAM)

        Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure and Local Rule 26.3 of this Court, Plaintiff Shamoli Kapoor, hereby requests that Defendants Mohammad Butt, Naila Butt, Laraib Butt, and Zuha Butt (collectively "Defendants") serve upon the undersigned sworn written answers to each of the interrogatories set forth below and produce for inspection and copying the documents requested below at the offices of Fasulo, Giordano & DiMaggio, LLP, 225 Broadway, Suite 715, New York, New York 10007, within thirty (30) days after service hereof.

        These interrogatories and document requests are continuing. If at any time after service of answers hereto, and prior to the trial of this action, Defendants obtain or become aware of additional information pertaining to any of these interrogatories or document requests, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, plaintiffs shall, within seven days, and in no event later than seven days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information and documents.

## INSTRUCTIONS

1. If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known or available and a description of the source of information that was once known or available that could have been used to respond to the interrogatory.

2. If any information or document called for by an interrogatory or document request is withheld by reason of a claim of privilege, state with specificity the information required by Local Rule 26.2.

## DEFINITIONS

1. These definitions incorporate by reference the Uniform Definitions in Discovery Requests set forth in Federal Rule 34(a) and Local Rule 26.3.

2. As used herein, the term "Incident" refers to the events described in the complaint.

3. As used herein, the term "businesses" includes any corporation, partnership, limited liability corporation, sole proprietorship, not-for-profit corporation, outlet, trust, fund, going concern, or any other entity organized to transact business, trade goods, make investments, hold property, and generate revenue to the owner(s), operator(s), investor(s), or proprietor(s) of said entity.

4. As used herein, "Defendants" refers to Mohammad Butt, Naila Butt, Laraib Butt, and Zuha Butt, either individually or collectively. Where an interrogatory or document request refers to "Defendants," a separate inquiry, investigation, or search should be conducted as to each Defendant. Thus, Defendants should respond with information or documents in their care, custody, possession, or control both as individuals and collectively.

## INTERROGATORIES

1. Identify all businesses from which each Defendant has received any income, revenue, payments, assets, or property from January 1, 2009, to present.

2. Identify all businesses in which each Defendant has held a management, directorial, officer, or supervisory role or position, or held the authority to hire and fire employees, from January 1, 2009, to present.

3. Identify any and all bank accounts, savings accounts, deposit accounts, credit accounts, mortgage accounts, loans accounts, investment accounts, securities portfolios, mutual fund holdings, retirement accounts (including pensions, 401(k)s, IRAs, or similar accounts), annuities, trust accounts, trusts, bonds, bond funds, and/or real estate, in which any Defendant has an interest from January 1, 2009, to present. This includes any such account asset held in the Defendant's name, in which the Defendant is listed as a beneficiary, or is held in the name of a third party or entity over which a Defendant has ownership or control. For each account, asset, or other item, identify the Defendant associated with the account or asset, the account number or other identifying information, and the name and address of the financial institution or firm for the account or the asset. For real property, state the owner(s), the location, the value, and whether any non-party holds any interest or lien on the property.

## DOCUMENT REQUESTS

1. Produce all the documents identified in the preceding Interrogatories.

2. Produce all documents for any businesses identified in the responses to Interrogatory Numbers 1 and 2, above.

3. Produce all documents for the accounts identified in the response to Interrogatory Number 3 above.

4. Produce all financial documents for Defendants, including statements of account, ledgers, accountings, audits, statements of earnings, or any other document showing Defendants' liquid and non-liquid assets from January 1, 2009, to present.

5. Produce all payroll documents and records for any business in which Defendant Mohammad Butt served as a manager, supervisor, or director, or could hire and fire employees and independent contractors.

6. Produce all payroll documents and records for any business in which Defendant Mohammad Butt held an ownership interest.

7. Produce all documents and records for any business in which Defendant Mohammad Butt served as a manager, supervisor, or director, or could hire and fire employees and independent contractors, which indicate the identity of any employee, agent, or independent contractor of such business.

8. Produce all documents and records for any business in which Defendant Mohammad Butt held an ownership interest, which indicate the identity of any employees, agents, or independent contractors of such business.

9. Produce all communications, letters, correspondence, text messages, e-mails, between Plaintiff and any Defendant, excluding communications between counsel for the parties related to this matter.

10. Produce all communications, letters, correspondence, text messages, e-mails, about Plaintiff.

11. Produce all documents or communications addressed to any Defendant at the address of Plaintiff's residence.

12. Produce all documents or communications in which the address listed or stated for any Defendant is the address of Plaintiff's residence.

13. Produce all telephone records indicating a telephone call or text message was sent or received between Plaintiff and any Defendant.

14. Produce all photographs and other audio-visual materials that depict or show Plaintiff. Defendants request exact duplicates of the original photographs and audio-visual materials, including metadata.

15. Produce all recordings or footage of Plaintiff from any video or security camera in any of Defendant's residences.

16. Produce all recordings or footage of Plaintiff from any video or security camera in any business in which a Defendant has an ownership interest, a management, supervisory, or directorial position, or the camera is in an area in which the Defendant has possession, care, custody, or control.

17. Produce all documents regarding plaintiffs' arrest and criminal prosecution (if any), which involve any Defendant.

18. Produce all medical records including, but not limited to, records of doctors, hospitals, psychiatrists, psychologists, social workers, and other counseling services, in Defendants' possession, custody, or control for treatment received by Defendant Naila Butt from January 1, 2009, to present.

19. Produce all documents and communicatons related to an audit of Pawn Brokers of America.

20. Produce all documents and communications related to the purchase of goods and property by Plaintiff, including jewelry and salvage cars.

21. Produce all documents and communications concerning, involving, or about Plaintiff between Defendants and Nadeem Sarwar and/or Prag Bhatt.

22. Produce any and all documents and communications between Defendants and Rekha Adasani, Harry Adasani, and/or Reza Shah concerning, related to, involving, or about Plaintiff.

23. Produce all social media maintained by Defendants.

24. Produce all agreements, contracts, letters of engagement, offers, and/or acceptances, either between Plaintiff and Defendants, or that reference, mention, involve, concern, relate to, and/or bound Plaintiff that is in Defendants' possession, care, custody, or control.

25. Produce all communications regarding any agreements, contracts, letters of engagement, offers, and/or acceptances that reference, mention, involve, concern, relate to, and/or bound Plaintiff.

26. Produce all documents and communications regarding any business venture between Plaintiff and Defendants.

27. Produce all documents and communications concerning any relationship between Defendant Mohammad Butt and Plaintiff.

28. Produce all documents related to the financing and purchase of Asan Butt's (Defendant's Mohammad and Naila's son) house, including documents showing or related to the source for funds used to make the purchase.

29. Produce all e-mails from Plaintiff reporting when she started and stopped work.

30. Produce copies of all subpoenas served on any party, or any individual or entity, concerning this litigation.

31. Produce all documents received in response to any subpoenas served.

32. Produce copies of Freedom of Information or Public Records requests.

33. Produce all documents received in response to any Freedom of Information or Public Records requests.

34. Produce all documents relating to all complaints made by Plaintiff to any government agency regarding Defendants including the New York City Police Department.

35. Produce all documents relating to all complaints made by Defendants to any government agency regarding Plaintiff, including the New York City Police Department.

36. Produce Defendants' federal and state income tax returns for 2009 to present.

37. Produce: (a) all expert disclosures required pursuant to Federal Rule 26(a)(2); (b) any drafts of any reports or other disclosures required by Fed. R. Civ. P. 26(a)(2); (c) all correspondence between plaintiffs' counsels, or anyone acting for or on behalf of plaintiffs or plaintiffs' counsels, and any experts identified in response to Interrogatory No. 18, including, but not limited to, any documents reflecting any fee agreements and any instructions plaintiffs' counsels have provided to the expert regarding the expert's expected testimony and/or examination of plaintiffs; and (d) any notes taken by any experts identified in response to Interrogatory No. 18 regarding plaintiffs, plaintiffs' counsels, the incident alleged in the complaint, this lawsuit, the expert's expected testimony or the expert's retention by plaintiffs' counsels in this action.

38. Complete and provide the annexed blank authorizations for release of Defendant Naila Butt's medical records including, but not limited to, records of doctors, hospitals, psychiatrists, psychologists, social workers and other counseling services for treatment received by Defendant Naila Butt since January 1, 2004.[1]

---

[1] The enclosed releases are believed to be HIPAA-compliant. Please note that HHC hospitals require a particular release, a copy of which is enclosed. A separate release must be provided for each provider. Kindly photocopy the releases before execution so plaintiff can provide a separate release for each provider. The attached release for psychotherapy notes must be provided in addition to a HIPAA release for that provider.

45. Complete and provide the annexed blank authorization for release of the tax documents.

Dated: New York, New York
February 7, 2024

                                                    FASULO, GIORDANO & DIMAGGIO, LLP
*Attorneys for Plaintiff Shamoli Kapoor*
225 Broadway, Suite 715
New York, New York 10007

By: JOSHUA J. LAX, ESQ.

To: BY ELECTRONIC MAIL (Bsabharwal@bsablaw.com)
Bhavleen Sabharwal, Esq.
Law Office of Bhavleen Sabharwal, P.C
261 Madison Avenue Suite 1063
New York, NY 10016