EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x          Civil Action No.  1:22-cv-05027(HG)
SHAMOLI KAPOOR,

                          Plaintiff,

      v.

MICHAEL MATTHEW'S JEWELERS LLC, OMAR
JEWELERS INC., MOHAMMAD BUTT,  NAILA  BUTT,
LAIRAB  BUTT,  ZUHA  BUTT,  SOLOMON  MATTATOV,
ARIF MAHMOD, ABC CORPORATIONS 1-5
(fictitious names describing presently Unidentified business
entities), and JOHN DOES 1-5 (fictitious names describing presently
unidentified individuals), Jointly and Severally,

                        Defendants.
-----------------------------------------------------------x

## DEFENDANTS RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS

Pursuant to Rule 33 of the Federal Rules of Civil Procedure and the Local Civil Rules for

the Eastern District of New York, Defendants Mohammad Butt ("Defendant Mohammad"), Naila

Butt ("Defendant Naila"), Laraib Butt ("Defendant Laraib"), and Zuha Butt ("Defendant Zuha")

(collectively "Defendants") (hereinafter referred to collectively as "Defendants"), by and through

their counsel, Bhavleen K. Sabharwal, responds and objects to Plaintiff's Second Set of

Interrogatories dated February 7, 2024, as follows:

## GENERAL OBJECTIONS AND DEFINITIONS

1. Defendants object to the Requests to the extent they (a) exceed the scope of discovery

   under Rules 26, 33 and/or 34 of the Federal Rules of Civil Procedure and Rules of this

   Court (collectively, "Rules"), or (b) are vague, ambiguous and not susceptible to a

   reasonable interpretation.

2. Defendants object to the Requests to the extent they are not proportional to the needs of

   the case considering (1) the marginal importance of the materials to the claims and

1

11. Copies of documents that Defendants offers to produce in response to the Document Requests will be made available to Defendant for copying and inspection, at a time mutually convenient to the parties, at the Law Office of Bhavleen Sabharwal, P.C. or will be sent to Defendants' counsel. References to Plaintiff's document production include documents produced to Defendants prior to service of these responses and objections. Citations to documents produced by Defendants are to the bates numbers of such documents in the format of "DEF" followed by sequential numbers.

12. "Complaint" shall mean the Amended Complaint filed by Plaintiff in the United States District Court for the Eastern District of New York at Civil Action No. 1:21- cv-05027-HG on February 14, 2023 [CM/ECF Dkt. No. 32].

13. "Co-defendants" shall Michael Matthews Jewelers of Kings Plaza, LLC., Omar Jewelers Inc., Solomon Mattatov, Arif Mahmod, ABC Corporations 1-5 and shall include its predecessors, successors, departments and divisions, agents, servants, employees, independent contractors and representatives, and any person acting on its behalf.

14. The foregoing General Objections shall be considered as made, to the extent applicable, in response to each of the Requests as if the objections were fully set forth in such response. Plaintiff reserves all rights under the Rules.

15. Upon request, Defendants are willing to meet and confer regarding their responses and objections to Defendants' discovery requests.

## **INTERROGATORIES**

**Interrogatory 1:** Identify all businesses from which each Defendant has received any income, revenue, payments, assets, or property from January 1, 2009, to present.

**Response:** Defendant Mohammad Butt maintains that Plaintiff stole documentation belonging to

Defendant Mohammad Butt that contains information responsive to this request. A police report

was filed against Plaintiff on November 20, 2017 which was around the time the theft occurred.

> Notwithstanding the above-referenced objections, Defendant Mohammad had an ownership
> interest in the following entities:

1. Michael Matthews Jewelers of GSP LLC
2. Michael Matthews Jewelers of KPM LTD

**Interrogatory 2:** Identify all businesses in which each Defendant has held a management,
directorial, officer, or supervisory role or position, or held the authority to hire and fire employees,
from January 1, 2009, to present.

**Response:** Defendant Mohammad Butt maintains that Plaintiff stole documentation belonging to

Defendant Mohammad Butt that contains information responsive to this request. A police report

was filed against Plaintiff on November 20, 2017 which was around the time the theft occurred.

1. Michael Matthews Jewelers of GSP LLC
2. Michael Matthews Jewelers of KPM LTD

**Interrogatory 3:** Identify all businesses in which each Defendant has held a management,
directorial, officer, or supervisory role or position, or held the authority to hire and fire employees,
from January 1, 2009, to present.

**Response:** Defendant Mohammad Butt maintains that Plaintiff stole documentation belonging to

Defendant Mohammad Butt that contains information responsive to this request. A police report

was filed against Plaintiff on November 20, 2017 which was around the time the theft occurred.

1. Michael Matthews Jewelers of GSP LLC
2. Michael Matthews Jewelers of KPM LTD

DATED:      April 5, 2024
            New York, NY               By:
                                       /s/_____

                                       Bhavleen K. Sabharwal
                                       Law Office of Bhavleen Sabharwal, P.C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x          Civil Action No.  1:22-cv-05027(HG)
SHAMOLI KAPOOR,
                              Plaintiff,
        v.

MICHAEL MATTHEW'S JEWELERS LLC, OMAR
JEWELERS INC., MOHAMMAD BUTT, NAILA BUTT,
LAIRAB BUTT, ZUHA BUTT, SOLOMON MATTATOV,
ARIF MAHMOD, ABC CORPORATIONS 1-5
(fictitious names describing presently Unidentified business
entities), and JOHN DOES 1-5 (fictitious names describing presently
unidentified individuals), Jointly and Severally,

                              Defendants.
------------------------------------------------------x

        Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 47 of the Local Civil

Rules for the Eastern District of New York, Defendants Mohammad Butt ("Defendant

Mohammad"), Naila Butt ("Defendant Naila"), Laraib Butt ("Defendant Laraib"), and Zuha Butt

("Defendant Zuha") (collectively "Defendants") (hereinafter referred to collectively as

"Defendants"), by and through their counsel, Bhavleen K. Sabharwal, responds and objects to

Plaintiff's First Notice to Produce dated March 26, 2024, as follows:

## GENERAL STATEMENT

By responding to any document request (the "Requests"), Defendants do not concede the

materiality of the subject to which it refers.  Defendants' responses are made expressly subject to,

and without waiving or intending to waive, any questions or objections as to the competency,

relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of

the documents or information produced, or of the subject matter thereof, in any proceeding

including the trial of this action or any subsequent proceeding.

## **GENERAL OBJECTIONS**

1. Defendants object to the Requests to the extent they are onerous, unduly burdensome, overbroad, seek documents or information irrelevant to any issue in this action, and/or are otherwise not sufficiently particularized as to the specific documents or information sought to be produced.

2. Defendants object to the Requests to the extent they seek information already provided to the Plaintiffs, and/or their representatives, and/or already within the possession of the Plaintiffs and/or their representatives, or which was sufficiently set forth in detail and/or provided in the pleadings in this action.

3. Defendants object to the Requests to the extent that they seek information which is protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes. Defendants also object in the entirety to any request for documents which is not limited in time.

4. Defendants object to the Requests to the extent they request production of information or documents that are a matter of public record or otherwise as equally available by reasonable means to Plaintiffs as to Defendants, and therefore as easily obtained by the Plaintiffs as by Defendants.

5. Defendants object to the Requests to the extent they seek to impose upon Defendants any obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or Local Rules of the District Court for the Western District of New York.

6. Defendants object to the Requests to the extent they do not reference a specific time frame, and to the extent any such request references an arbitrary, and therefore irrelevant or overbroad, time frame.

2

7. Defendants object to the Requests on the grounds and to the extent that they purport to require Defendants to produce confidential, commercially-sensitive, or other proprietary information or documents. To the extent that any of the Requests purport to require Defendants to produce any such information or documents, Defendants have disclosed and identified the existence of any responsive, relevant, and otherwise non-objectionable information or documents. Defendants will revisit any such Requests and produce to Plaintiffs any responsive, relevant, and otherwise non-objectionable information and documents at such time as Plaintiffs agrees to and execute a comprehensive and continuing Confidentiality Stipulation, executed between the parties to this action, which will adequately preserve the confidential and proprietary nature of any such information and documents.

8. Defendants object to the Requests to the extent they require Defendants to obtain information or documents from individuals or entities other than Defendants or its agents or to provide information or documents not known or reasonably available to Defendants.

9. Defendants' objections to the Requests are made without waiving or intending to waive, but on the contrary, with a complete reservation by Defendants and intent to reserve:

a. The right to object to the competence, relevance, materiality, privilege, and admissibility as evidence for any purpose of the answers, responses, objections, or documents, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding, or investigation;

b. The right to object on any ground to the use of the answers, responses, objections, or documents, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding, or investigation; and

3

c. The right to object at any time to any other document requests, interrogatories, or requests for admissions made by Plaintiffs in this action.

10. Defendants reserve the right to amend and supplement this production as discovery progresses, up to and including the time of trial.

## **DEFINITIONS**

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1. "Plaintiff" or "you" shall mean Shamoli Kapoor and includes her agents, attorneys, representatives, or any person acting or purporting to act on their behalf.

2. "Defendants" shall mean Mohammad Butt, Naila Butt, Laraib Butt and Zuha Butt and their predecessors, successors, departments and divisions, agents, servants, employees, independent contractors and representatives, and any person acting on their behalf.

3. "Naila Butt" shall mean Defendant, Naila Butt, and includes her agents, attorneys, representatives, or any person acting or purporting to act on her behalf.

4. "Laraib Butt" shall mean Defendant, Laraib Butt, and includes her agents, attorneys, representatives, or any person acting or purporting to act on her behalf.

5. "Zuha Butt" shall mean Defendant, Zuha Butt, and includes her agents, attorneys, representatives, or any person acting or purporting to act on her behalf.

6. "Mohammad Butt" shall mean Defendant, Mohammad Butt, and includes his agents, attorneys, representatives, or any person acting or purporting to act on his behalf.

7. "Co-defendants" shall Michael Matthews Jewelers of Kings Plaza, LLC., Omar Jewelers Inc., Solomon Mattatov, Arif Mahmod, ABC Corporations 1-5 and shall include its predecessors, successors, departments and divisions, agents, servants, employees, independent contractors and representatives, and any person acting on its behalf.

8. "Complaint" shall mean the Amended Complaint filed by Plaintiff in the United States District Court for the Eastern District of New York at Civil Action No. 1:21- cv-05027-HG on February 14, 2023 [CM/ECF Dkt. No. 32].

4

9. "Person" shall include any natural person and any corporation, limited liability company, partnership, association, joint venture, firm or other business enterprise, governmental entity, or any other form of organization or entity and any present or former officers, directors, members, partners, shareholders, employees, representatives, and agents thereof, and includes both the singular and plural.

10. Any reference to a person shall mean that person, as well as affiliates, departments, divisions, controlled companies or otherwise related entities, and all of his, her, or its current or former agents, representatives, employees, attorneys, accountants, officers, directors, auditors, consultants, advisors, or other persons or entities acting, or purporting to act, on his, her, or its behalf.

11. "Document" shall be used in the broadest sense and shall mean any written, recorded, graphic or electronic matter, however produced or reproduced, and all copies or drafts thereof, whether or not privilege is claimed with respect to any such document. Without limiting the foregoing, the term "document" shall include, but is not limited to, any papers, photocopies, letters, correspondence, emails, text messages, social media messages, comments or posts, other electronic messages, intraoffice and interoffice writings, memoranda, notes, notebooks, notations, drawings, policies and procedures, lists, forms, reports, studies, scrapbooks, statistics, summaries, notices, bulletins, employee manuals, guidelines, instructions, computerized data and printouts, contracts, agreements, diaries, desk or appointment calendars or pads, workpapers, transcripts, invoices, receipts, statements, videotapes, photographs, audiotapes, electronic recordings, applications, job descriptions, affidavits, evaluations, commendations, warning notices, disciplinary actions, complaints, charges, grievances, minutes of meetings, checks, paystubs, 1099s, W-2s, tax returns, forms, and all other documents whether stored on paper, on a computer, or via other electronic storage devices or means, or any other medium. "Document" specifically includes electronically stored information (ESI), including any ESI maintained on desktop computers, laptop computers, network drives, thumb drives, external hard drives, CDs or DVDs, mobile phones, mobile devices (such as a smartphone or tablet), or on any other electronic device or drive capable of storing ESI.

12. "Communication" refers to any transfer of information, ideas, opinions, files, data, or thoughts by any means, under any circumstances, and is not limited to transfers between persons, but includes other transfers, such as transfers of records and memoranda to file. Without limiting the foregoing, "Communication" shall mean not only written communications, but also oral, verbal, or other acts or conduct by which information or data is shared, conveyed, or otherwise relayed, whether or not privilege is claimed with respect to any such communication and shall include, but not be limited to, all discussions, conversations, meetings, telephone calls, gestures, letters, emails, text messages, social media messages, comments or posts, other electronic messages, and all other communications of any type.

13. "Any" includes "all" and vice versa.

14. "And" and "or" are to be construed in both conjunctively and disjunctively as necessary to construe each Interrogatory as broadly as possible.

15. "Relates to" or "relating" means relating to, referring to, pertaining to, consisting of, reflecting, evidencing, concerning, documenting, supporting, or in any way logically or factually connected with the matter discussed. Any use of the aforementioned terms or any combination thereof shall not be construed as limiting the definition of any other term in any fashion whatsoever.

16. The terms "concerning," "constituting," "referring," "relating," or "supporting" include, without limitation: referring to, relating to, addressing, indicating, describing, evidencing, containing, reflecting, discussing, commenting upon, monitoring, modifying, contradicting, quoting, criticizing, describing, creating or maintaining, bearing upon, constituting a basis for, or deriving or arising from any event, act, or occurrence. Any use of the aforementioned terms or combination thereof shall not be construed as limiting the definition of any other term in any fashion whatsoever.

17. The use of the singular form of any word shall be interpreted to include the plural, or vice versa; verb tenses shall be interpreted to include past, present, and future tenses.

18. Words of one gender or sex shall be deemed to refer to all genders or sexes.

## SPECIFIC ANSWERS, RESPONSES, AND OBJECTIONS

The foregoing objections are hereby incorporated and made a part of each of the following answers and objections as though fully set forth therein. These answers, whether or not they include any restatement of any of the foregoing objections, which may, however, be included for emphasis with respect to specific requests, are provided without waiver or limitation of any of the foregoing objections. Defendants also reserves its right at any time to revise, supplement, correct, add to or clarify these responses on the basis of newly acquired information or information otherwise coming to the attention of its attorneys after service of these answers and responses, whether via discovery herein or otherwise, or for any other reason. Each response contained herein shall be deemed responsive to the Request it immediately follows and any other request to which it is factually and/or legally responsive. Where Defendants has noted a document or documents will be made available for inspection and copying, such documents will be made available, upon

Plaintiffs' request, at a mutually convenient time for the parties at the Law Office of Bhavleen Sabharwal, P.C. located at 261 Madison Avenue, Suite 1004, New York, NY 10016.

**Document Request No. 1:** Produce all the documents identified in the preceding Interrogatories.

**Response to Request No. 1:** In addition to the General and Continuing Objections, Defendants object to this request in that it seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of this case. This request also seeks information that is in the possession of Plaintiff.

Notwithstanding any of the above-referenced objections, Defendants are not in possession of the documents requested.[1]

**Document Request No. 2:** Produce all documents for any businesses identified in the responses to Interrogatory Numbers 1 and 2, above.

**Response to Request No. 2:** In addition to the General and Continuing Objections, Defendants object to this request in that it seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of this case. This request also seeks information that is in the possession of Plaintiff.

Notwithstanding any of the above-referenced objections, Defendants are not in possession of the documents requested.

**Document Request No. 3**: Produce all documents for the accounts identified in the response to Interrogatory Number 3 above.

---

[1] Defendant Mohammad Butt maintains that Plaintiff stole voluminous documentation belonging to Defendant Mohammad while he was in recovery due to having various strokes. A police report was filed against Plaintiff when it was discovered that the documents were obtained (Bates Def 00159).

**Response to Request No. 3:** In addition to the General and Continuing Objections, Defendants object to this request in that it seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of this case. This request also seeks information that is in the possession of Plaintiff.

Notwithstanding any of the above-referenced objections, Defendants are not in possession of the documents requested.


**Document Request No. 4:** Produce all financial documents for Defendants, including statements of account, ledgers, accountings, audits, statements of earnings, or any other document showing Defendants' liquid and non-liquid assets from January 1, 2009, to present.

**Response to Request No. 4:** In addition to the General and Continuing Objections, Defendants object to this request in that it seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of this case.

Defendants further object as Plaintiff is not entitled to the financial records as there has been no final judgement in this matter. Discovery of the "net worth of defendant," it is not discoverable except in "extraordinary circumstances." *Moye v. Mount Sinai Hosp.*, No. 2022-05611, 2023 WL 3633379 (N.Y. Sup. May 25, 2023). Even in cases in which the plaintiff seeks punitive damages, discovery of defendant's net worth or other financial information" should await a special verdict on the question of liability." *Id*. "Absent extraordinary circumstances, asset discovery . . . is only permitted if it is relevant to the merits of a claim." *Equinox Gallery Ltd v. Dorfman*, No. 17 Civ. 230 (GBD), 2018 WL 637764, at *1 (S.D.N.Y. Jan. 22, 2018). "[T]his Court finds that Plaintiff has not demonstrated good cause for the 'extraordinary remedy' of pre-judgment discovery regarding the nature and current location of Defendants' assets. *Id*. at *3.

this litigation nor proportional to the needs of this case. This request also seeks information that

is in the possession of Plaintiff.

Notwithstanding any of the above-referenced objections, Defendants are not in possession of the

documents requested.

**Document Request No. 8:** Produce all documents and records for any business in which
Defendant Mohammad Butt held an ownership interest, which indicate the identity of any
employees, agents, or independent contractors of such business.

**Response to Request No. 8:** In addition to the General and Continuing Objections, Defendants

object to this request in that it seeks information that is neither relevant to the subject matter of

this litigation nor proportional to the needs of this case. This request also seeks information that

is in the possession of Plaintiff.

Notwithstanding any of the above-referenced objections, Defendants are not in possession of the

documents requested.

**Document Request No. 9:** Produce all communications, letters, correspondence, text messages,
emails, between Plaintiff and any Defendant, excluding communications between counsel for the
parties related to this matter.

**Response to Request No. 9:** In addition to the General and Continuing Objections, Defendants

object to this request in that it seeks information that is neither relevant to the subject matter of

this litigation nor proportional to the needs of this case. This request also seeks information that

is in the possession of Plaintiff.

Notwithstanding any of the above-referenced objections, Defendants are not in possession of the

documents requested.

**Document Request No. 10:** Produce all communications, letters, correspondence, text messages, emails, about Plaintiff.

**Response to Request No. 10:**  In addition to the General and Continuing Objections, Defendants object to this request in that it seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of this case. This request also seeks information that is in the possession of Plaintiff.

Notwithstanding any of the above-referenced objections, Defendants are not in possession of the documents requested.

**Document Request No. 11:** Produce all documents or communications addressed to any Defendant at the address of Plaintiff's residence.

**Response to Request No. 11:** In addition to the General and Continuing Objections, Defendants object to this request in that it seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of this case. This request also seeks information that is in the possession of Plaintiff.

Notwithstanding any of the above-referenced objections, Defendants are not in possession of the documents requested.

**Document Request No. 12:**  Produce all documents or communications in which the address listed or stated for any Defendant is the address of Plaintiff's residence.

**Response to Request No. 12:** In addition to the General and Continuing Objections, Defendants object to this request in that it seeks information that is neither relevant to the subject matter of

this litigation nor proportional to the needs of this case. This request also seeks information that is in the possession of Plaintiff.

Notwithstanding any of the above-referenced objections, Defendants are not in possession of the documents requested.

**Document Request No. 13:** Produce all telephone records indicating a telephone call or text message was sent or received between Plaintiff and any Defendant.

**Response to Request No. 13:** In addition to the General and Continuing Objections, Defendants object to this request in that it seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of this case. This request also seeks information that is in the possession of Plaintiff.

Notwithstanding any of the above-referenced objections, Defendants are not in possession of the documents requested.

**Document Request No. 14:**  Produce all photographs and other audio-visual materials that depict or show Plaintiff. Defendants request exact duplicates of the original photographs and audio-visual materials, including metadata.

**Response to Request No. 14:** In addition to the General and Continuing Objections, Defendants object to this request in that it seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of this case. This request also seeks information that is in the possession of Plaintiff.

Notwithstanding any of the above-referenced objections, Defendants are not in possession of the documents requested.

**Document Request No. 15:**  Produce all recordings or footage of Plaintiff from any video or security camera in any of Defendant's residences.

**Response to Request No. 15:** In addition to the General and Continuing Objections, Defendants object to this request in that it seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of this case.

Notwithstanding any of the above-referenced objections, Defendants are not in possession of the documents requested.

**Document Request No. 16:** Produce all recordings or footage of Plaintiff from any video or security camera in any business in which a Defendant has an ownership interest, a management, supervisory, or directorial position, or the camera is in an area in which the Defendant has possession, care, custody, or control.

**Response to Request No. 16:** In addition to the General and Continuing Objections, Defendants object to this request in that it seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of this case. This request also seeks information that is in the possession of Plaintiff.

Notwithstanding any of the above-referenced objections, Defendants are not in possession of the documents requested.

**Document Request No. 17.** Produce all documents regarding plaintiffs' arrest and criminal prosecution (if any), which involve any Defendant.

**Response to Request No. 17:** In addition to the General and Continuing Objections, Defendants object to this request in that it seeks information that is neither relevant to the subject matter of

this litigation nor proportional to the needs of this case. This request also seeks information that

is in the possession of Plaintiff.

Notwithstanding any of the above-referenced objections, Defendants are not in possession of the

documents requested.


**Document Request No. 18.** Produce all medical records including, but not limited to, records of
doctors, hospitals, psychiatrists, psychologists, social workers, and other counseling services, in
Defendants' possession, custody, or control for treatment received by Defendant Naila Butt from
January 1, 2009, to present.

**Response to Request No. 18:**  In addition to the General and Continuing Objections, Defendants

object to this request in that it seeks information that is neither relevant to the subject matter of

this litigation nor proportional to the needs of this case.


**Document Request No. 19.** Produce all documents and communications related to an audit of
Pawn Brokers of America.

**Response to Request No. 19:** In addition to the General and Continuing Objections, Defendants

object to this request in that it seeks information that is neither relevant to the subject matter of

this litigation nor proportional to the needs of this case. This request also seeks information that

is in the possession of Plaintiff.

Notwithstanding any of the above-referenced objections, Defendants are not in possession of the

documents requested.


**Document Request No. 20.** Produce all documents and communications related to the purchase
of goods and property by Plaintiff, including jewelry and salvage cars.

**<u>Response to Request No. 20:</u>** In addition to the General and Continuing Objections, Defendants object to this request in that it seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of this case. This request also seeks information that is in the possession of Plaintiff.

Notwithstanding any of the above-referenced objections, Defendants are not in possession of the documents requested.

**<u>Document Request No. 21.</u>** Produce all documents and communications concerning, involving, or about Plaintiff between Defendants and Nadeem Sarwar and/or Prag Bhatt.

**<u>Response to Request No. 21:</u>** In addition to the General and Continuing Objections, Defendants object to this request in that it seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of this case. This request also seeks information that is in the possession of Plaintiff.

Notwithstanding any of the above-referenced objections, Defendants are not in possession of the documents requested.

**<u>Document Request No. 22:</u>** Produce any and all documents and communications between Defendants and Rekha Adasani, Harry Adasani, and/or Reza Shah concerning, related to, involving, or about Plaintiff.

**<u>Response to Request No. 22:</u>** In addition to the General and Continuing Objections, Defendants object to this request in that it seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of this case. This request also seeks information that is in the possession of Plaintiff.

15

Notwithstanding any of the above-referenced objections, Defendants are not in possession of the documents requested.

**Document Request No. 23:** Produce all social media maintained by Defendants.

**Response to Request No. 23:** In addition to the General and Continuing Objections, Defendants object to this request in that it seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of this case.

Notwithstanding any of the above-referenced objections, Defendants are not in possession of the documents requested.

**Document Request No. 24**: Produce all agreements, contracts, letters of engagement, offers, and/or acceptances, either between Plaintiff and Defendants, or that reference, mention, involve, concern, relate to, and/or bound Plaintiff that is in Defendants' possession, care, custody, or control.

**Response to Request No. 24:** In addition to the General and Continuing Objections, Defendants object to this request in that it seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of this case. This request also seeks information that is in the possession of Plaintiff.

Notwithstanding any of the above-referenced objections, Defendants are not in possession of the documents requested.

**Document Request No. 25**: Produce all communications regarding any agreements, contracts, letters of engagement, offers, and/or acceptances that reference, mention, involve, concern, relate to, and/or bound Plaintiff.

**Response to Request No. 25:** In addition to the General and Continuing Objections, Defendants object to this request in that it seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of this case. This request also seeks information that is in the possession of Plaintiff.

Notwithstanding any of the above-referenced objections, Defendants are not in possession of the documents requested.

**Document Request No. 26**: Produce all documents and communications regarding any business venture between Plaintiff and Defendants.

**Response to Request No. 26:** In addition to the General and Continuing Objections, Defendants object to this request in that it seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of this case. This request also seeks information that is in the possession of Plaintiff.

Notwithstanding any of the above-referenced objections, Defendants are not in possession of the documents requested.

**Document Request No. 27**. Produce all documents and communications regarding any business venture between Plaintiff and Defendants.

**Response to Request No. 27:** In addition to the General and Continuing Objections, Defendants object to this request in that it seeks information that is neither relevant to the subject matter of this litigation nor proportional to the needs of this case. This request also seeks information that is in the possession of Plaintiff.

**Document Request No. 44:** Complete and provide the annexed blank authorization for the records of social security disability benefits, if any, received by Defendants Mohammad and Naila Butt.

**Response to Request No. 44:** In addition to the General and Continuing Objections, Defendants

object to this request in that it seeks information that is neither relevant to the subject matter of

this litigation nor proportional to the needs of this case.

**Document Request No. 44:** Complete and provide the annexed blank authorization for the records of social security disability benefits, if any, received by Defendants Mohammad and Naila Butt.

**Response to Request No. 44:** In addition to the General and Continuing Objections, Defendants

object to this request in that it seeks information that is neither relevant to the subject matter of

this litigation nor proportional to the needs of this case.

DATED:     April 4, 2024
             New York, NY

By:

/s/_____

Bhavleen K. Sabharwal
Law Office of Bhavleen Sabharwal, P.C
*Attorneys for Defendants*
Defendants Mohammad Butt, Naila Butt, Laraib
Butt and Zuha Butt
261 Madison Avenue Suite 1004
New York, NY 10016
Bsabharwal@bsablaw.com
(917) 597-5984

To: Joshua J. Lax, Esq.
Jlax@fgdmlaw.com

23