UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x    Civil Action No. 1:22-cv-05027(HG)
SHAMOLI KAPOOR,
                        Plaintiff,

    v.

MICHAEL MATTHEW'S JEWELERS LLC, OMAR
JEWELERS INC., MOHAMMAD BUTT, NAILA BUTT,
LAIRAB BUTT, ZUHA BUTT, SOLOMON MATTATOV,
ARIF MAHMOD, ABC CORPORATIONS 1-5
(fictitious names describing presently Unidentified business
entities), and JOHN DOES 1-5 (fictitious names describing presently
unidentified individuals), Jointly and Severally,

                        Defendants.
-----------------------------------------------------------x

       Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 47 of the Local Civil Rules for the Eastern District of New York, Defendants Mohammad Butt ("Defendant Mohammad"), Naila Butt ("Defendant Naila"), Laraib Butt ("Defendant Laraib"), and Zuha Butt ("Defendant Zuha") (collectively "Defendants") (hereinafter referred to collectively as "Defendants"), by and through their counsel, Bhavleen K. Sabharwal, responds and objects to the alleged deficiencies in correspondence dated May 16, 2024 entitled "Kapoor Joint Discovery" as follows:

## **<u>GENERAL STATEMENT</u>**

By responding to any document request (the "Requests"), Defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

## GENERAL OBJECTIONS

1. Defendants object to the Requests to the extent they are onerous, unduly burdensome, overbroad, seek documents or information irrelevant to any issue in this action, and/or are otherwise not sufficiently particularized as to the specific documents or information sought to be produced.

2. Defendants object to the Requests to the extent they seek information already provided to the Plaintiffs, and/or their representatives, and/or already within the possession of the Plaintiffs and/or their representatives, or which was sufficiently set forth in detail and/or provided in the pleadings in this action.

3. Defendants object to the Requests to the extent that they seek information which is protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes. Defendants also object in the entirety to any request for documents which is not limited in time.

4. Defendants object to the Requests to the extent they request production of information or documents that are a matter of public record or otherwise as equally available by reasonable means to Plaintiffs as to Defendants, and therefore as easily obtained by the Plaintiffs as by Defendants.

5. Defendants object to the Requests to the extent they seek to impose upon Defendants any obligations beyond or inconsistent with those imposed by the Federal Rules of Civil Procedure or Local Rules of the District Court for the Western District of New York.

6. Defendants object to the Requests to the extent they do not reference a specific time frame, and to the extent any such request references an arbitrary, and therefore irrelevant or overbroad, time frame.

7. Defendants object to the Requests on the grounds and to the extent that they purport to require Defendants to produce confidential, commercially-sensitive, or other proprietary information or documents. To the extent that any of the Requests purport to require Defendants to produce any such information or documents, Defendants have disclosed and identified the existence of any responsive, relevant, and otherwise non-objectionable information or documents. Defendants will revisit any such Requests and produce to Plaintiffs any responsive, relevant, and otherwise non-objectionable information and documents at such time as Plaintiffs agrees to and execute a comprehensive and continuing Confidentiality Stipulation, executed between the parties to this action, which will adequately preserve the confidential and proprietary nature of any such information and documents.

8. Defendants object to the Requests to the extent they require Defendants to obtain information or documents from individuals or entities other than Defendants or its agents or to provide information or documents not known or reasonably available to Defendants.

9. Defendants' objections to the Requests are made without waiving or intending to waive, but on the contrary, with a complete reservation by Defendants and intent to reserve:

    a. The right to object to the competence, relevance, materiality, privilege, and admissibility as evidence for any purpose of the answers, responses, objections, or documents, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding, or investigation;

3

b. The right to object on any ground to the use of the answers, responses, objections, or documents, or the subject matter thereof, in any aspect of this or any other action, arbitration, proceeding, or investigation; and

c. The right to object at any time to any other document requests, interrogatories, or requests for admissions made by Plaintiffs in this action.

10. Defendants reserve the right to amend and supplement this production as discovery progresses, up to and including the time of trial.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in these Requests is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in these Requests, the following terms are to be interpreted in accordance with these definitions:

1. "Plaintiff" or "you" shall mean Shamoli Kapoor and includes her agents, attorneys, representatives, or any person acting or purporting to act on their behalf.

2. "Defendants" shall mean Mohammad Butt, Naila Butt, Laraib Butt and Zuha Butt and their predecessors, successors, departments and divisions, agents, servants, employees, independent contractors and representatives, and any person acting on their behalf.

3. "Naila Butt" shall mean Defendant, Naila Butt, and includes her agents, attorneys, representatives, or any person acting or purporting to act on her behalf.

4. "Laraib Butt" shall mean Defendant, Laraib Butt, and includes her agents, attorneys, representatives, or any person acting or purporting to act on her behalf.

5. "Zuha Butt" shall mean Defendant, Zuha Butt, and includes her agents, attorneys, representatives, or any person acting or purporting to act on her behalf.

6. "Mohammad Butt" shall mean Defendant, Mohammad Butt, and includes his agents, attorneys, representatives, or any person acting or purporting to act on his behalf.

7. "Co-defendants" shall Michael Matthews Jewelers of Kings Plaza, LLC., Omar Jewelers Inc., Solomon Mattatov, Arif Mahmod, ABC Corporations 1-5 and shall include its

4

predecessors, successors, departments and divisions, agents, servants, employees, independent contractors and representatives, and any person acting on its behalf.

8. "Complaint" shall mean the Amended Complaint filed by Plaintiff in the United States District Court for the Eastern District of New York at Civil Action No. 1:21- cv-05027-HG on February 14, 2023 [CM/ECF Dkt. No. 32].

9. "Person" shall include any natural person and any corporation, limited liability company, partnership, association, joint venture, firm or other business enterprise, governmental entity, or any other form of organization or entity and any present or former officers, directors, members, partners, shareholders, employees, representatives, and agents thereof, and includes both the singular and plural.

10. Any reference to a person shall mean that person, as well as affiliates, departments, divisions, controlled companies or otherwise related entities, and all of his, her, or its current or former agents, representatives, employees, attorneys, accountants, officers, directors, auditors, consultants, advisors, or other persons or entities acting, or purporting to act, on his, her, or its behalf.

11. "Document" shall be used in the broadest sense and shall mean any written, recorded, graphic or electronic matter, however produced or reproduced, and all copies or drafts thereof, whether or not privilege is claimed with respect to any such document. Without limiting the foregoing, the term "document" shall include, but is not limited to, any papers, photocopies, letters, correspondence, emails, text messages, social media messages, comments or posts, other electronic messages, intraoffice and interoffice writings, memoranda, notes, notebooks, notations, drawings, policies and procedures, lists, forms, reports, studies, scrapbooks, statistics, summaries, notices, bulletins, employee manuals, guidelines, instructions, computerized data and printouts, contracts, agreements, diaries, desk or appointment calendars or pads, workpapers, transcripts, invoices, receipts, statements, videotapes, photographs, audiotapes, electronic recordings, applications, job descriptions, affidavits, evaluations, commendations, warning notices, disciplinary actions, complaints, charges, grievances, minutes of meetings, checks, paystubs, 1099s, W-2s, tax returns, forms, and all other documents whether stored on paper, on a computer, or via other electronic storage devices or means, or any other medium. "Document" specifically includes electronically stored information (ESI), including any ESI maintained on desktop computers, laptop computers, network drives, thumb drives, external hard drives, CDs or DVDs, mobile phones, mobile devices (such as a smartphone or tablet), or on any other electronic device or drive capable of storing ESI.

12. "Communication" refers to any transfer of information, ideas, opinions, files, data, or thoughts by any means, under any circumstances, and is not limited to transfers between persons, but includes other transfers, such as transfers of records and memoranda to file. Without limiting the foregoing, "Communication" shall mean not only written communications, but also oral, verbal, or other acts or conduct by which information or data is shared, conveyed, or otherwise relayed, whether or not privilege is claimed with respect to any such communication and shall include, but not be limited to, all discussions,

    conversations, meetings, telephone calls, gestures, letters, emails, text messages, social media messages, comments or posts, other electronic messages, and all other communications of any type.

13. "Any" includes "all" and vice versa.

14. "And" and "or" are to be construed in both conjunctively and disjunctively as necessary to construe each Interrogatory as broadly as possible.

15. "Relates to" or "relating" means relating to, referring to, pertaining to, consisting of, reflecting, evidencing, concerning, documenting, supporting, or in any way logically or factually connected with the matter discussed. Any use of the aforementioned terms or any combination thereof shall not be construed as limiting the definition of any other term in any fashion whatsoever.

16. The terms "concerning," "constituting," "referring," "relating," or "supporting" include, without limitation: referring to, relating to, addressing, indicating, describing, evidencing, containing, reflecting, discussing, commenting upon, monitoring, modifying, contradicting, quoting, criticizing, describing, creating or maintaining, bearing upon, constituting a basis for, or deriving or arising from any event, act, or occurrence. Any use of the aforementioned terms or combination thereof shall not be construed as limiting the definition of any other term in any fashion whatsoever.

17. The use of the singular form of any word shall be interpreted to include the plural, or vice versa; verb tenses shall be interpreted to include past, present, and future tenses.

18. Words of one gender or sex shall be deemed to refer to all genders or sexes.

## **SPECIFIC ANSWERS, RESPONSES, AND OBJECTIONS**

The foregoing objections are hereby incorporated and made a part of each of the following answers and objections as though fully set forth therein. These answers, whether or not they include any restatement of any of the foregoing objections, which may, however, be included for emphasis with respect to specific requests, are provided without waiver or limitation of any of the foregoing objections. Defendants also reserves its right at any time to revise, supplement, correct, add to or clarify these responses on the basis of newly acquired information or information otherwise coming to the attention of its attorneys after service of these answers and responses, whether via discovery herein or otherwise, or for any other reason. Each response contained herein shall be

deemed responsive to the Request it immediately follows and any other request to which it is factually and/or legally responsive. Where Defendants has noted a document or documents will be made available for inspection and copying, such documents will be made available, upon Plaintiffs' request, at a mutually convenient time for the parties at the Law Office of Bhavleen Sabharwal, P.C. located at 261 Madison Avenue, Suite 1004, New York, NY 10016.

**Interrogatory Request No. 3:** Identify any and all bank accounts, savings accounts, deposit accounts, credit accounts, mortgage accounts, loans accounts, investment accounts, securities portfolios, mutual fund holdings, retirement accounts (including pensions, 401(k)s, IRAs, or similar accounts), annuities, trust accounts, trusts, bonds, bond funds, and/or real estate, in which any Defendant has an interest from January 1, 2009, to present. This includes any such account asset held in the Defendant's name, in which the Defendant is listed as a beneficiary, or is held in the name of a third party or entity over which a Defendant has ownership or control. For each account, asset, or other item, identify the Defendant associated with the account or asset, the account number or other identifying information, and the name and address of the financial institution or firm for the account or the asset. For real property, state the owner(s), the location, the value, and whether any non-party holds any interest or lien on the property.

**Response to Interrogatory Request No. 3:** In addition to the General and Continuing Objections, Defendants object as the Request seeks information about the finances and net worth of Defendants. Discovery of the "net worth of defendant," it is not discoverable except in "extraordinary circumstances." *Moye v. Mount Sinai Hosp.*, No. 2022-05611, 2023 WL 3633379 (N.Y. Sup. May 25, 2023). Even in cases in which the plaintiff seeks punitive damages, discovery of defendant's net worth or other financial information" should await a special verdict on the

question of liability." *Id*. "Absent extraordinary circumstances, asset discovery . . . is only permitted if it is relevant to the merits of a claim." *Equinox Gallery Ltd v. Dorfman*, No. 17 Civ. 230 (GBD), 2018 WL 637764, at *1 (S.D.N.Y. Jan. 22, 2018). "[T]his Court finds that Plaintiff has not demonstrated good cause for the 'extraordinary remedy' of pre-judgment discovery regarding the nature and current location of Defendants' assets. *Id*. at *3.

Notwithstanding the above-referenced objections, personal tax returns of Defendant Mohammad Butt were disclosed as part of Defendants' discovery exchange.

**Document Request No. 4:** Produce all financial documents for Defendants, including statements of account, ledgers, accountings, audits, statements of earnings, or any other document showing Defendants' liquid and non-liquid assets from January 1, 2009, to present.

**Response to Request No. 4:** In addition to the General and Continuing Objections, Defendants object as the Request seeks information about the finances and net worth of Defendants. Discovery of the "net worth of defendant," it is not discoverable except in "extraordinary circumstances." *Moye v. Mount Sinai Hosp*., No. 2022-05611, 2023 WL 3633379 (N.Y. Sup. May 25, 2023). Even in cases in which the plaintiff seeks punitive damages, discovery of defendant's net worth or other financial information" should await a special verdict on the question of liability." *Id*. "Absent extraordinary circumstances, asset discovery . . . is only permitted if it is relevant to the merits of a claim." *Equinox Gallery Ltd v. Dorfman*, No. 17 Civ. 230 (GBD), 2018 WL 637764, at *1 (S.D.N.Y. Jan. 22, 2018). "[T]his Court finds that Plaintiff has not demonstrated good cause for the 'extraordinary remedy' of pre-judgment discovery regarding the nature and current location of Defendants' assets. *Id*. at *3.

**Document Request No. 28:** Produce all documents related to the financing and purchase of Asan Butt's (Defendant's Mohammad and Naila's son) house, including documents showing or related to the source for funds used to make the purchase.

**Response to Request No. 28:** In addition to the General and Continuing Objections, Defendants object as the Request seeks information about the finances and net worth of Defendants. Discovery of the "net worth of defendant," it is not discoverable except in "extraordinary circumstances." *Moye v. Mount Sinai Hosp.*, No. 2022-05611, 2023 WL 3633379 (N.Y. Sup. May 25, 2023). Even in cases in which the plaintiff seeks punitive damages, discovery of defendant's net worth or other financial information" should await a special verdict on the question of liability." *Id*. "Absent extraordinary circumstances, asset discovery . . . is only permitted if it is relevant to the merits of a claim." *Equinox Gallery Ltd v. Dorfman*, No. 17 Civ. 230 (GBD), 2018 WL 637764, at *1 (S.D.N.Y. Jan. 22, 2018). "[T]his Court finds that Plaintiff has not demonstrated good cause for the 'extraordinary remedy' of pre-judgment discovery regarding the nature and current location of Defendants' assets. *Id*. at *3.

**Document Request No. 36:** Produce Defendants' federal and state income tax returns for 2009 to present.

**Response to Request No. 36:**

In addition to the General and Continuing Objections, Defendants object as the Request seeks information that was provided as part of DEF 00165-178. To the extent Plaintiff requests further information, Defendant Mohammad will agree to sign an authorization for release of tax records.

**Document Request No. 45:** Complete and provide the annexed blank authorization for release of the tax documents.

**Response to Request No. 45:**

Defendant Mohammad will provide an executed release upon service of a blank authorization for the release of tax documents.

**Document Request No. 9:** Produce all communications, letters, correspondence, text messages, emails between Plaintiff and any Defendant, excluding communications between counsel for the parties related to this matter.

**Response to Request No. 9:** Defendant Mohammad is conducting a search for documents responsive to the Request and this Request shall be supplemented if documentation is found responsive to the Request.

**Document Request No. 10:** Produce all communications, letters, correspondence, text messages, emails, about Plaintiff.

**Response to Request No. 10:** In addition to the General and Continuing Objections, Defendants object as the Request is overly broad, lacks reasonable particularity, and is burdensome as it seeks "All communications between Defendants and Plaintiff".

**Document Request No. 11:** Produce all documents or communications addressed to any Defendant at the address of Plaintiff's residence.

**Response to Request No. 11:** Defendants are not in possession of documents responsive to the Request.

**Document Request No. 12:** Produce all documents or communications in which the address listed or stated for any Defendant is the address of Plaintiff's residence.

**Response to Request No. 12:** Defendants are not in possession of documents responsive to the Request.

**Document Request No. 13:** Produce all telephone records indicating a telephone call or text message was sent or received between Plaintiff and any Defendant.

**Response to Request No. 13:** Defendants are not in possession of documents responsive to the Request.

**Document Request No. 14:** Produce all photographs and other audio-visual materials that depict or show Plaintiff. Defendants request exact duplicates of the original photographs and audio-visual materials, including metadata.

**Response to Request No. 14:** Defendants are not in possession of documents responsive to the Request.

**Document Request No. 15:** Produce all recordings or footage of Plaintiff from any video or security camera in any of Defendant's residences.

**Response to Request No. 15:** Defendants are not in possession of documents responsive to the Request.

**Document Request No. 16:** Produce all recordings or footage of Plaintiff from any video or security camera in any business in which a Defendant has an ownership interest, a management, supervisory, or directorial position, or the camera is in an area in which the Defendant has possession, care, custody, or control.

**Response to Request No. 16:** Defendants are not in possession of documents responsive to the Request.

**Document Request No. 20:** Produce all documents and communications related to the purchase of goods and property by Plaintiff, including jewelry and salvage cars.

**Response to Request No. 20:** Defendant Mohammad responds that Plaintiff purchased a ring from Michael Matthews Jewelers but denies having any documentation related to the purchase.

**Document Request No. 24**: Produce all agreements, contracts, letters of engagement, offers, and/or acceptances, either between Plaintiff and Defendants, or that reference, mention, involve, concern, relate to, and/or bound Plaintiff that is in Defendants' possession, care, custody, or control.

**Response to Request No. 24:** Defendants are not in possession of documents responsive to the Request.

**Document Request No. 25**: Produce all communications regarding any agreements, contracts, letters of engagement, offers, and/or acceptances that reference, mention, involve, concern, relate to, and/or bound Plaintiff.

**Response to Request No. 25:** Defendants are not in possession of documents responsive to the Request.

**Document Request No. 26**: Produce all documents and communications regarding any business venture between Plaintiff and Defendants.

**Response to Request No. 26:** Defendants are not in possession of documents responsive to the Request.

**Document Request No. 27**. Produce all documents and communications concerning any relationship between Defendant Mohammad Butt and Plaintiff[1].

**Response to Request No. 27:** Defendant Mohammad is conducting a search for documents responsive to the Request and this Request shall be supplemented if documentation is found responsive to the Request.

DATED:   May 23, 2024          By:
         New York, NY
                                /s/_____

                                Bhavleen K. Sabharwal
                                Law Office of Bhavleen Sabharwal, P.C
                                *Attorneys for Defendants*
                                Defendants Mohammad Butt, Naila Butt, Laraib Butt and Zuha Butt
                                261 Madison Avenue Suite 1004
                                New York, NY 10016
                                Bsabharwal@bsablaw.com
                                (917) 597-5984

---

[1] The joint discovery letter seeks documents regarding communications regarding a business venture between Plaintiff and Defendant Mohammad but the demand for production dated February 7, 2024 requests what is indicated in these responses.

13

TO: Via Electronic correspondence

Joshua J. Lax, Esq.
Liakas Law P.C.
Attorneys for Plaintiff Shamoli Kapoor
40 Wall Street
50th Floor
New York, NY 10005
P: (212) 937-7765
F: (877) 380-9432
Jlax@liakaslaw.com