

Louis V. Fasulo, Esq. - NY & NJ
Michael E. Giordano, Esq. – NY & NJ
Charles DiMaggio, Esq. – NY

www.fgdmlaw.com

April 25, 2025

**BY ECF**
Honorable Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  *Shamoli Kapoor v. Michael Matthew Jewelers of Kings Plaza, LLC, et.al.,*
> Docket No. 22 CV 5027 (HG)(TAM)

Your Honor:

I represent Plaintiff Shamoli Kapoor in the above-referenced matter. I write jointly with Defendants' counsel, Jesse D. Eisenberg, Esq., pursuant to the Court's Individual Rules of Practice 3(A) to request an informal conference regarding an ongoing discovery dispute.

BY PLAINTIFF

Simply put, despite Plaintiff's efforts, Defendants have not complied with any of the Court's directions regarding discovery at the July 31, 2024, conference, nor supplemented their productions or responses in the intervening months.

By way of background, on July 19, 2024, the parties submitted a joint letter requesting an informal discovery conference to discuss a number of deficiencies in Defendants' discovery responses and productions. On July 31, 2024, the Court held a telephonic conference where it made several rulings directing Defendants to supplement their responses and productions. Approximately two weeks later, defense counsel Bhavleen Sabharwal, Esq. moved to withdraw on August 15, 2024. The motion was granted at a conference on October 1, 2024. Defendants produced no further discovery before the motion was granted. The case was stayed until December 19, 2024. On December 13, 2024, Jesse D. Eisenberg, Esq., who represents Defendants in the related litigation in State Court, entered an appearance.

On December 19, 2024, the Court held a telephonic status conference with counsel. Due to

---

225 Broadway, Suite 715
New York, New York 10007
Tel (212) 566 – 6213
Fax (212) 566 – 8165

505 Eighth Avenue, Suite 300
New York, New York 10018.
Tel (212) 967-0352
Fax (201) 596-2724

Plaintiff's voluminous productions and lengthy history of the case, defense counsel was given time to familiarize himself with the case. On January 15, 2025, Plaintiff's counsel followed up with Defendants' counsel, and the parties met and conferred by telephone on January 16, 2025, to discuss the status of discovery and a proposed schedule. Counsel spoke for approximately an hour, during which Plaintiff's counsel reiterated that Defendants had so far failed to supplement their discovery as required by the Court's rulings during the July 31, 2024, conference. Plaintiff directed Defendants to the items in the July 19, 2024, letter for guidance. Having received no further discovery, Plaintiff followed up by e-mail on March 17, 2025. Defendants responded by e-mail on March 20, 2025, and counsel spoke the next day by telephone. Plaintiff again raised the lack of any further discovery referenced in the July 19, 2024, joint letter, and as a courtesy, forwarded a copy to Defendants. Defense counsel also noted that in the intervening period since their discussion on January 16, 2025, Defendants' counsel had a personal issue arise.

Defendants again remained silent on discovery until Plaintiff followed up by e-mail on April 11, 2025. During the e-mail exchange, Plaintiff again reiterated that the outstanding discovery was listed in the letter except for Defendants' tax records. Defendants' counsel also stated that he would be meeting with Defendants the week of April 14, 2025, to discuss discovery. Receiving no update, Plaintiff again followed up on April 22, 2025, and was advised that Defendants meeting was rescheduled for April 23, 2025, at 2:00 p.m. At 5:00 p.m. on April 23, 2025, Defendants sent Plaintiff an email updating her on Discovery. As relevant here, Defendants maintain they do not have documents responsive to most of Plaintiff's requests. Defendant Mohamad Butt agreed to finally gather his text messages with Plaintiff. Last, Defendants dispute that the Court required them to produce financial documents and information at the July 31, 2024, conference, and maintain they will not do so without a Court order.

Putting aside the delay occasioned by Defendants' need to retain new counsel, Defendants have expended minimal efforts to participate in discovery despite clear direction by the Court. Defendants maintain they have no responsive documents for most requests, despite assertions by Defendant Mohammed Butt that numerous documents exist to support Defendants' story. (*See* Letter of Mohammed I. Butt, Bates Numbers DEF00188 to DEF00195, annexed hereto as Exhibit A ("Ex. A")). For example, Butt maintains he conducted internal audits of his businesses which revealed that Ms. Kapoor was taking money from him. (Ex. A at DEF00190). He also states that he had "all computerized systems in place along with 24/7 recordin cameras," implying that Butt has records of these alleged thefts. (*Id.*) Butt also claims that Ms. Kapoor assaulted him on multiple occasions when he refused to have sex with her, which can be verified through his "medical exams in the hospital." (Ex. A at DEF00192). The letter also maintains that Mr. Butt was unable to engage in sex, and as defense counsel references, Mr. Butt claims to have had two strokes in 2012. Finally, Butt lists a number of supposed crimes by Ms. Kapoor, for which Butt states "[e]vidence and witnesses can be provided." (Ex. A at DEF00193). Lastly, the letter discusses several convoluted business arrangements for which the business and financial records discussed below are relevant. Despite the numerous representations in this letter, Defendants have so far failed to 1) produce the "evidence and witnesses" described in the letter, or 2) explain their failure to produce these items. Moreover, despite relying on his medical condition as a defense to the sexual misconduct allegations and as a basis for Ms. Kapoor's attacks, Mr. Butt has so far failed to produce any proof that these medical conditions are true.

After many months of delay, Defendants now dispute that the Court directed Defendants to produce financial and business records at the July 31, 2024, conference and will not produce this discovery "without an order." The Court ruled that such discovery was relevant to the issue of financial entanglement in Plaintiff's trafficking claims. The notion that they require a formal order is a further delay tactic. Moreover, this part of discovery has been part of the parties' dialogue since at least January 2025, and if there was some question about the Court's rulings, it should have been raised months ago. Instead, Defendants waited to raise this illusory issue for months and took advantage of Plaintiff's desire to build a working relationship with their new counsel. In addition, Defendants now also represent that they had no substantial dealings with Ms. Kapoor after 2013 and postulate they cannot get records going back far enough. This is also problematic. First, the operative period for the claims in this case extend to at least 2017, and there is no indication that they have checked to see what they can obtain. Second, the claim that Defendants' "substantial" dealings with Ms. Kapoor ended in 2013 is yet another self-serving representation, undermined by the myriads of inconsistent and uncorroborated statements Defendants have made about their connection to Ms. Kapoor. Third, Defendant Butt's letter indicates continued dealings with Ms. Kapoor. Fourth, Defendants claim to be unable to produce their financial documents, but they were able to produce photocopies of post-dated checks totaling over $6 Million which Defendants allege they received from Plaintiff. Defendants commenced a third a state court proceeding based on these photocopies. Thus, Defendants have access to some documents. Fifth, defense counsel took the position in State Court that Ms. Kapoor should turn over her financial records concerning one of the transactions at issue. Sixth, even if Defendants have no records, Plaintiff's interrogatories require Defendants to identify their various banking and financial accounts, the entities in which they held business interests, and other information. Defendants continue to refuse to properly respond to these interrogatories.

Based on the foregoing, Plaintiff respectfully requests that Defendants be ordered to comply with written and paper discovery by a date certain or face consequences such as preclusion, adverse inferences, and the striking of Defendants' answer. Further, Plaintiff respectfully requests that any objections Defendants may seek to raise be deemed waived by their failure to timely raise them.

BY DEFENDANT

First off, I want to apologize to the Court and Mr. Lax for any delays. I am a solo practitioner. I also recently lost my father on January 30, 2025. Due to this unexpected loss, it has taken some time to get back on top of all my cases due to the lost time while dealing with my father's passing.

As Defendants new counsel, I was not present for the July 31, 2024 conference and cannot speak to same. The minutes from that conference only state that

"**Docket Text:**
**Minute Entry and Order: A telephonic Status Conference was held on 7/31/2024 before Magistrate Judge Taryn A. Merkl. Appearances by Joshua J. Lax for Plaintiff and Bhavleen Sabharwal for Defendants. Discussion held regarding case status and discovery. As discussed on the record, the parties are directed to proceed with discovery and meet and confer as**

3

> needed to address discovery issues. The Court set the following discovery schedule with the consent of the parties. Fact discovery shall be completed on or before 1/6/2025. The parties are directed to file a joint status report certifying the close of fact discovery by 1/13/2025. In their joint status report certifying the close of fact discovery, the parties may include an update as to whether they need an expert discovery schedule, and if so, to propose an agreed-upon expert discovery schedule. In the absence of an expert discovery schedule being set, the last date to take the first step in dispositive motion practice is 2/14/2025; in the absence of dispositive motions, the parties shall file their proposed joint pretrial order by 3/14/2025; both of these filings must be prepared in accordance with the Individual Rules of the assigned District Judge. Ordered by Magistrate Judge Taryn A. Merkl on 7/31/2024. (Cisco Log #11:00-11:56.) (ALG)"

Before meeting with the Defendants, I spoke with Defendants' prior counsel via email to verify that Defendants were told to turn over all financial records over prior counsel's written objections. The prior counsel did not remember that being the Court's direction.

I spoke extensively with my clients regarding the demands that Plaintiff was seeking to supplement. However, the biggest take away from the conversation and my knowledge of the case, is that Defendant Mohammad Butt has not worked nor had any ownership interest in his businesses since 2013. As a reminder to the Court, Defendant Mohammad suffered two strokes in 2012.

Even if he had records and videos from 2013, he no longer has them. In fact, if you look at Exhibit A, Defendant Mohammad has consistently alleged that Plaintiff took his business records. It is not unreasonable a position that he no longer has possession of documents that might be relevant to this case.

As Defendants' attorney, handing over all financial information without a court order and over prior counsel's objections could violate rules of professional ethics. As a reminder to the Court, prior counsel had objected to the financial questions as Discovery of the net worth of a defendant is not discoverable except in extraordinary circumstances. Plaintiff is seeking unlimited financial records dating back to 2009 for all the Butt Defendants. This is not a tailored request to any of Plaintiff's claims but pre-judgment discovery. Defendants would also ask the Court to be mindful that financial institutions do not keep records for more than seven years, so even if Defendants asked for their financial institutions for all the financial records on July 31, 2024, the earliest they could get records would be from 2017.

As for all the documents requested by Plaintiff, Defendants have consistently represented that they do not have responsive documents. Again, see Exhibit A and Defendants' prior discovery responses. While Defendants understand Plaintiff's frustration at not getting all the documents Plaintiff seeks, Defendants are unable to produce that which they don't have. Defendants are willing to provide a declaration under penalty of perjury regarding the documents they don't have and/or cannot locate.

Based on the above, Defendants request the Court order that depositions of all parties be completed to move this case forward. If Plaintiff thinks Defendants are not being truthful, a skilled litigator such as Plaintiff's counsel will be able to ascertain same under questioning.

The parties thank the Court for its consideration of this matter.

                                                          Respectfully submitted,

                                                                    /s/

CC:     All Counsel (By ECF)                      Joshua J. Lax, Esq.