LAW OFFICE OF
# JOSHUA J. LAX
225 BROADWAY, STE 715, NEW YORK, NEW YORK 10007

September 5, 2025

**BY ECF**
Honorable Taryn A. Merkl
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: ***Shamoli Kapoor v. Michael Matthew Jewelers of Kings Plaza, LLC, et.al.,***
**Docket No. 22 CV 5027 (HG)(TAM)**

Your Honor:

I represent Plaintiff Shamoli Kapoor in the above-referenced matter. I this letter pursuant to the Court's July 29, 2025, Order directing the parties to submit a status report no later than September 5, 2025.

BY PLAINTIFF

From Plaintiff's perspective, the completion of discovery is in large part dependent on Defendants' compliance with the Court's July 29, 2025, Order. Counsel have conferred and agreed that Defendants may identify and provide releases for banks and other financial institutions so that Plaintiff can request the relevant documents. To date, Defendants have identified one bank and have provided no releases. Defense counsel reports that he is in the process of obtaining additional information and the releases from his clients, but Defendant Mohammed Butt is currently undergoing health problems, and therefore, counsel is having difficulty obtaining this information. Once Plaintiff receives the releases, she will need to subpoena the records from the banks and other financial institutions. Plaintiff anticipates that it will take several weeks to receive responses to the subpoenas once they are served. As a result, Plaintiff expects that she will need time beyond the October 3, 2025, discovery end date to obtain any existing records. In addition, Plaintiff is also reviewing additional documents she recently located for production. Last, Defendants recently produced letters from doctors purporting to show that Mr. Butt had health problems that would have prevented him from engaging in the conduct alleged by Plaintiff. Plaintiff has sent requests to Defendants for releases for the underlying medical records from those providers.

Another issue has arisen in this matter for which Plaintiff is trying to learn more about. In late August, Plaintiff received a voicemail message from a person who identified herself as a special agent from the Federal Bureau of Investigation ("FBI"). The message was addressed to

"Mr. Butt," and referenced plans for Mr. Butt to bring screenshots of messages from Shamoli Kapoor to an FBI field office in Queens. Defendants have not produced such messages in this case despite document requests for such communications. More troubling, Mr. Butt appears to have gone to the FBI following a loss in one of the state proceedings brought by Plaintiff. In any event, counsel will confer on this issue further.

Both the undersigned and Plaintiff's state court attorney believe the parties should engage in more robust settlement negotiations. Plaintiff is obtaining a judgment in her favor in one of the related state court actions, and another is set down for a trial this fall. Thus, Plaintiff believes that exploring a resolution prior to further proceedings in the state court and depositions in this matter would be beneficial. Mohammed and Naila Butt represent that they have no means to pay any resolution, but they have not yet made any financial disclosures that show a lack of resources. Plaintiff's state court attorney is willing to participate in a settlement conference with the Court.

Based on the number of ongoing issues, Plaintiff proposes that the parties file a further status report in two weeks, or in the alternative, appear for a telephonic status conference in two weeks.

BY DEFENDANTS

Plaintiff received no feedback or additional portion to include on behalf Defendants as of 9:13 p.m. on September 5, 2025. At 11:03 a.m., defense counsel said he would be available to review a draft of the letter. A draft was provided to him at 11:28 a.m. by email. No response followed. Plaintiff's counsel followed up with Defendants at 5:11 p.m. and 7:53 p.m. by email with no response. Nonetheless, Plaintiff consents to Defendants submitting a late statement if they want to request leave to do so.

Sincerely,

/s/

Joshua J. Lax, Esq.

CC:  All Counsel (By ECF)